**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry BOWENS, Defendant-Appellant.**

**No. 14067.**

United States Court of Appeals
Seventh Circuit.

June 21, 1963.

Jerome M. Katz, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Defendant-appellant, Henry Bowens, prosecutes this appeal *in forma pauperis* from the judgment order of his conviction and sentences under a two-count indictment charging unlawful sale and concealment of narcotics in violation of 26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174.

The defendant predicates his claim of reversible error on the fact that a government agent stated to a government-employed informer, under subpoena as a witness for defendant, that such witness need not go to the office of counsel for defendant for an interview unless he chose so to do. The defendant contends, in substance, that such statement, under the circumstances involved, constituted (1) an endeavor to impede or influence a witness in contravention of the standards for the administration of justice in the federal courts, and (2) an interference with the functions of counsel which deprived the defendant of the benefit

---

of the constitutional guarantee of right to counsel.

The record discloses that Houston L. Garner, the government's "special employee", was called as a defendant's witness at the trial and testified in response to examination by defendant's court-appointed trial counsel. The witness had been interviewed five days prior thereto by such counsel. The record indicates that this interview took place in the court library. The witness had not appeared at the office of counsel for defendant the prior afternoon as such counsel had requested in the morning of that day when the case was first called for trial and the witness had appeared in court in response to the subpoena issued at defendant's request.

It is an event which occurred on that morning which forms the basis of defendant's claim of reversible error. Defendant's counsel was conversing with Garner in a corridor of the court house when government agent Dennis Dayle approached them. Defendant's counsel requested Garner, "to please be in [counsel's] office at 2 p. m., this afternoon, that [he] wanted to talk to him further". Dayle told Garner, "[w]ell, you don't have to go there if you don't want to". Defendant's counsel related the incident to the trial judge when court opened and complained of the statement made by the government agent to the witness. The trial judge pointed out, "I think the advice is sound. He [the witness] has the right to determine that question for himself" but did state to the witness, "[t]hat is entirely within your right. I would recommend that you do see him, that you do talk to him, but I cannot enforce it".

The defendant does not challenge the legal correctness of the statement made by Dayle—that it was within the discretion of the witness as to whether he would appear at the office of defense counsel for the purpose of interview. But defendant contends that because Garner's employment as an informer was under the direct and exclusive supervision and control of government agent Dayle the latter's gratuitous advice, under the circumstances, is to be inferred to have had the effect of impeding defense counsel's access to information, by influencing the witness under subpoena by the defendant to be less than cooperative in the matter of submitting to pre-trial interview, with the result that the defendant was deprived of the effective assistance of counsel in the preparation of his defense and in the trial of the case.

We are of the opinion that the record affords no basis for such an inference. The defendant's trial counsel did interview Garner five days prior to his testifying. And then did call and examine him as a defense witness. Defendant points to nothing which in our opinion establishes that he was in any manner prejudiced by the statement made by Dayle. The record discloses no breach of any right of the defendant.

That defendant had caused Garner to be subpoenaed is of no import. Rule 17(a), Federal Rules of Criminal Procedure, indicates the subpoena is to be used to compel attendance of a witness at the trial. "The rule does not authorize the government or the defense to subpoena a witness and require him to report at some place other than where the trial is to be held." United States v. Standard Oil Company, 7 Cir., 316 F.2d 884. Cf. Durbin v. United States, 94 U.S.App. D.C. 415, 221 F.2d 520, 522.

Reversible error must rest on something more substantial than unsupported inference. And here the record negates prejudice to the defendant.

Mr. Jerome M. Katz of the Chicago Bar is commended for the able presentation he made of defendant's case as counsel by appointment of this Court on defendant's appeal.

The judgment order of the District Court is affirmed.

Affirmed.