Beatrice **ALFORD**, Administratrix of the Estate of Leslie B. Alford, Deceased, Plaintiff-Appellant,

v.

**NEW YORK CENTRAL RAILROAD COMPANY**, Defendant-Appellee.

No. 14680.

United States Court of Appeals
Seventh Circuit.

Dec. 30, 1964.

William E. Mills, Arthur A. May, So. Bend, Ind., for appellant.

Richard O. Olson, Chicago, Ill., Louis C. Chapleau, Arthur J. Perry, So. Bend, Ind., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Beatrice Alford, administratrix of the estate of Leslie B. Alford, deceased, brought this diversity action against defendant New York Central Railroad Company. She sought to recover damages for the wrongful death of her husband, Leslie B. Alford, who was killed while riding in a motor vehicle, resulting from a collision with defendant's train.

The complaint charged defendant with negligence in the operation of its train. Defendant answered in denial and further charging plaintiff's decedent with contributory negligence.

The case was tried to a jury which returned a verdict for defendant on which judgment was entered. Plaintiff appealed. The errors relied upon for reversal arise out of instructions and rulings on evidence. We affirm the judgment of the district court.

The accident in question occurred on June 22, 1960 at the intersection of Pine Road and defendant's railroad tracks in St. Joseph County, Indiana, at about 7:30 a. m.

Leslie Alford was at his father's home on Pine Road about one mile south of the intersection. At this place Leslie, his father Lascom Alford and 12-year old nephew Lee Alford entered a Packard automobile. The automobile was driven in a northerly direction on Pine Road. As it approached the intersection, defendant's train was proceeding west on its westbound track.

The automobile was driven onto the railroad track where it collided with the left side of the locomotive. Immediately prior to and at the time of the collision, the locomotive headlight was burning bright, the whistle was sounding and the bell was ringing. There was a sudden heavy squall of rain. The train was be-

ing operated at a speed of 55 to 60 miles per hour. On approaching the intersection, the occupants of the automobile had a view to the east of more than 2800 feet, except for the rain squall. The engineer on defendant's locomotive did not see the approaching automobile prior to the collision because of the heavy rain.

As a result of the collision, Leslie and his father were killed and his nephew was injured. Leslie was 27 years of age and was survived by his widow and four children.

During the course of the trial, plaintiff introduced in evidence photographs taken at the scene of the accident on the date of the collision. Defendant introduced in evidence two photographs taken at the scene the next day. All were admitted without objection.

At the trial, defendant introduced four additional photographs taken at the scene of the accident in December, 1963. They were admitted over plaintiff's objection. Plaintiff charges error because of the change in the physical appearance of the surroundings due to the disparity in time. However, the jury was advised concerning the changed conditions and could not have been misled thereby, particularly in light of the other photographs timely taken.

Such objections more properly go to the weight to be accorded such evidence rather than to its admissibility.

■■ In an Indiana case, we stated the applicable rule to be that "[t]he admission or rejection of photographs in evidence is a question that lies within the discretion of the trial court, and its discretion will not be disturbed unless an abuse of such discretion is shown, Haven v. Snyder, 93 Ind.App. 54, 176 N.E. 149." Drohan v. Standard Oil Co., 7 Cir., 168 F.2d 761, 765 (1948), cert. denied, 335 U.S. 845, 69 S.Ct. 69, 93 L.Ed. 396. Accord, Vaughn v. National Tea Company, 7 Cir., 328 F.2d 128 (1964). Under the circumstances surrounding the admission of the challenged photographs, we find no abuse of discretion and it was not prejudicial error to receive them in evidence.

■ The trial court's instructions numbered 2 and 5 were given over plaintiff's objections. Instruction 2 properly stated the law with reference to contributory negligence on the part of plaintiff's decedent. The evidence is not clear concerning the identity of the driver of the automobile at the time of the accident. This fact and the evidence surrounding the collision itself raised questions for the jury to decide. The defense of contributory negligence was put in issue by defendant's answer. We find no error in submitting this issue to the jury.

■ Instruction 5 properly stated the applicable law with reference to there being no "comparative negligence" standard in Indiana. The jury was properly instructed concerning the law in the event it found both plaintiff's decedent and defendant guilty of negligence proximately contributing to plaintiff's decedent's death and resulting damages.

■ Over plaintiff's objection, the trial court gave defendant's instruction 32 defining the duty of a passenger in an automobile to exercise reasonable care for his own safety. Plaintiff further objected to the giving of defendant's instruction 28 defining the duty of the driver of an automobile approaching a railroad crossing to exercise due care (also referred to as reasonable care) by looking and listening for an approaching train. Reading each of these instructions as a whole leads us to the conclusion that they are correct statements of the applicable law and that it was not prejudicial error to give them.

■■ Plaintiff further charges that the trial court erred in refusing to give her tendered instructions 13 and 38. Instruction 13 concerns the equal duty to use reasonable care on the part of the operators of the locomotive and the automobile and the duty of defendant to give timely warning of the approaching train. These matters were adequately covered by other instructions given by the trial court. Instruction 38 deals with defendant's duty "to maintain all safety devices" installed at the crossing. The instruction apparently was intended to

refer to the "crossbuck" sign in place at the scene of the accident. The trial court properly instructed the jury concerning defendant's duty to erect such a sign. The maintenance statute plaintiff seeks to invoke, Ind.Ann.Stat. § 55–2015 (Burns' 1951), has to do with "extra-hazardous grade crossings" and additional warning signals required by order of the Public Service Commission of Indiana at grade crossings with a state highway. This has no application to the crossing under consideration in this case. New York Central Railroad Co. v. Public Service Commission of Indiana, 237 Ind. 544, 549, 147 N.E.2d 547 (1958).

We have considered the instructions given to the jury in their entirety. We conclude the jury was adequately and fairly instructed and there was no error in giving or refusing to give certain instructions complained of by plaintiff.

No charge is made concerning the sufficiency of the evidence to support the verdict. The jury heard the evidence and found for defendant.

Finding no prejudicial error in the trial below, the judgment appealed from is affirmed.

Affirmed.