UNITED STATES of America, Plaintiff-Appellee,

v.

James A. WHITE, Defendant-Appellant.

Nos. 16021, 16022.

United States Court of Appeals, Seventh Circuit.

Nov. 22, 1971.

Rehearing Denied Feb. 22, 1972.

Chauncey Eskridge, Chicago, Ill., Morris A. Shenker, John L. Boeger, St. Louis, Mo., for defendant-appellant.

William J. Bauer, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and KERNER, Circuit Judge.

KERNER, Circuit Judge.

The defendant, James A. White, was tried and convicted by a jury for violations of two federal narcotics laws, 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. The defendant appealed the conviction, and this court reversed because it believed certain electronic surveillance techniques employed by the federal agents were violative of the defendant's Fourth Amendment rights. A petition for rehearing *en banc* was granted, and the majority decision of the three-judge panel was affirmed. United States v. White, 405 F.2d 838 (1969). Subsequently, the Supreme Court granted certiorari, 394 U.S. 957, 89 S.Ct. 1305, 22 L.Ed.2d 559 (1970), and in an opinion dealing exclusively with the Fourth Amendment surveillance problem, reversed this court. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). This cause is again before us upon motion by the defendant for reargument of the issues not previously considered by this court.

The facts of this case are adequately set forth in both the *en banc* rehearing, *supra,* 405 F.2d at p. 838, and the Supreme Court opinion, *supra,* 401 U.S. at p. 746, 91 S.Ct. 1122, 28 L.Ed.2d 453, making a repetition of them unnecessary here.

In addition to the Fourth Amendment surveillance problem decided by the Supreme Court, the defendant originally urged that various procedural errors were committed by the trial court. These allegations charged abuse of the trial judge's discretion in restricting defendant's cross-examination of the federal narcotics agents; error in refusing admission of certain photographs; denial of a fair trial because the government allegedly instructed the witnesses not to discuss their testimony with defense counsel prior to trial; and prejudice, due to the government's failure to hold a preliminary hearing.

With respect to the trial court's restriction of cross-examination, the record reveals that counsel for the defendant sought to cross-examine the federal narcotics agents on their prior written statements and that the court frequently sustained objections to that examination. The appellant contends that these rulings were incorrect and that when viewed together they amounted to a denial of his right to confront and cross-examine the witnesses.

This court, in United States v. Lawinski, 195 F.2d 1, 7 (7th Cir.1952), set forth the limitations on the right to confront and cross-examine:

These relaxations of the general rule governing the proper scope of cross-examination, however, obviously cannot be defined with certainty to fit all occasions; their extent and limitations will depend upon the particular facts and circumstances of the case on trial. Generally, therefore, it is recognized that determination of where those limitations lie is within the sound discretion of the trial court. It is for the presiding judge to exercise a wise discretion in determining whether, considering the examination in chief, it is fit and proper that the questions presented be permitted or excluded. Storm v. United States, 94 U.S. 76, 24 L.Ed. 42. All the decisions agree that the latitude allowed should be great enough to subserve ends of justice; but once fixed by the trial court it can not be deemed erroneous except where it is clear that that discretion has been abused, even though the discretion is necessarily vague in extent.

In the case before us, the defendant was permitted to cross-examine the witnesses about prior statements but was limited to the substance of testimony elicited on direct examination. The restriction complained of was imposed only where his inquiry exceeded the scope of the direct examination. We note, additionally, that several of the rulings complained of were based upon the form of the questioning and not the substance. Those rulings also appear to have been proper. We conclude, therefore, that the defend-

ant was not denied the opportunity to confront and cross-examine the government agents and that the breadth of cross-examination permitted by the trial court was sufficient to serve the ends of justice.

The trial court's refusal to admit certain photographs of the house and the particular room in which the surveillance took place is the basis for the defendant's second assertion of trial court error. He argues that such refusal was an abuse of the court's discretion and that the resultant prejudice to the defendant warrants reversal of the conviction. We do not agree.

■■ The admission or rejection of photographs offered into evidence is within the discretion of the trial court and the exercise of that discretion will not be disturbed unless an abuse is shown. Drohan v. Standard Oil Co., 168 F.2d 761, 765 (7th Cir.1948), cert. denied 335 U.S. 845, 69 S.Ct. 69, 93 L.Ed. 396; Vaughn v. National Tea Company, 328 F.2d 128, 130 (7th Cir.1964); Alford v. New York Central R.R. Co., 339 F.2d 1019, 1021 (7th Cir.1964). The photographs in question were apparently offered to show the condition of a building, but were admittedly taken almost a year after the incident. All of the fifteen photographs initially offered by the defendant were properly refused because an inadequate foundation was laid. Two of these, however, were subsequently admitted when further foundation testimony was offered by a different witness. With respect to the excluded photographs, the trial judge ruled that the foundation testimony failed to adequately explain the presence in the pictures of numerous people and objects of furniture different from those which were present at the time of the occurrence.

■ We have examined the photographs and are of the opinion that the trial judge's conclusion that the unexplained presence of different objects and people warranted their exclusion, was not an abuse of his discretion. Indeed, even if we were to assume that the pictures were improperly excluded we are unable to ascertain how the exclusion constituted reversible error. The defendant admits in his brief that the sole purpose for offering the pictures was "to show the physical condition of the building itself and the structure of the building at the time of the alleged offense" and in view of the fact that two of the photographs were admitted, we have difficulty in perceiving how any prejudice resulted from the exclusion of substantially similar photographs.

Turning, then, to the defendant's allegation that the government instructed the federal agents not to speak to counsel for the defendant and thereby prevented the defendant from receiving a fair trial, we find a conflict in the defendant's view of the cause of the agents' refusal to submit to an interview and the government's explanation. To resolve that conflict, we have a record which is, at best, ambiguous.

The defendant has alleged that the United States Attorney "instructed" the agents not to talk to the defense counsel. There is, however, no evidence to that effect other than the fact that the agents refused to consent to the interview. The government has denied that the agents were instructed not to speak to counsel for the defense, but admitted they were informed that they were under no obligation to consent to the interview. Assistant United States Attorney McDonnell testified at the hearing on the defendant's motion to restrain the government from preventing the interview, that the government had "no objection to Mr. Eskridge or Mr. Bass [counsel for defendant] talking to any of the agents in this case if the agents so desire." His testimony suggests that a misunderstanding and not an "instruction" led to the agents' refusal to grant the interview.

■■ While it is true that witnesses to a crime are the property of neither the prosecution nor the defense and that both sides have an equal right and

should have an equal opportunity to interview them, Gregory v. United States, 125 U.S.App.D.C. 140, 369 F.2d 185, 188 (1966), it is equally true that reversal on this ground requires a clear showing that the government instructed the witness not to cooperate with the defendant. We are not persuaded that the government, in fact, instructed the agents not to speak to defense counsel and the fact that the government informed them of their right not to submit to the interview, did not deny the defendant a fair trial. This court held in United States v. Bowens, 318 F.2d 828, 829 (7th Cir.1963), that the witness is free to decide whether to grant or refuse an interview and that it is not improper for the government to inform the witness of that right.

 The contention that the defendant is entitled to a new trial because no preliminary hearing was held, even though the defendant was indicted by the Grand Jury, needs but brief comment. This court has consistently held, United States v. Amabile, 395 F.2d 47, 53 (7th Cir.1968); United States v. Foster, 440 F.2d 390 (7th Cir., Apr. 1, 1971); Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965); and only recently reiterated in United States v. Lauchli, 444 F.2d 1037 (7th Cir., June 10, 1971), that the right to a preliminary hearing guaranteed by Rule 5(c)[1] of the Fed.Rules Crim.P. is obviated by an intervening indictment. As authority for this argument, the defendant has relied entirely upon Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1965), but we are constrained to point out that the District of Columbia is the only circuit which has taken this position.

 Finally, we decide not to resolve the issue of the voluntariness of the informer's consent to the electronic eavesdrop since it is not properly before us. That issue was neither raised nor decided on the original appeal, has never been briefed and was argued orally for the first time in the *en banc* hearing. Rule 28 of the Federal Rules of Appellate Procedure (28 U.S.C. Rules) has been interpreted to require that all issues be set out in the appellant's brief and the respondent's answer, and failure to comply may constitute a waiver. United States v. Williams, 378 F.2d 665, 666 (4th Cir.1967); Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844, 851 (1947). This rule is particularly applicable in this case where we have not been presented with sufficient information or argument to allow an intelligent disposition of this issue and for this reason, we treat the issue as having been waived.

In light of our conclusions above, we find no error by the district court in the issues raised but not resolved by the prior opinions of this court and of the Supreme Court. Accordingly, the judgment below is affirmed.

Affirmed.

---

1. Rule 5(c) states:

(c) Preliminary Examination. The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him. The commissioner shall admit the defendant to bail as provided in these rules. After concluding the proceeding the commissioner shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him.