780 P.2d 602

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sally Jo PETERS, Defendant–Appellant.**

No. 17467.

Court of Appeals of Idaho.

Oct. 2, 1989.

Randall D. Schulthies, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent. Mr. Haycock argued.

SWANSTROM, Judge.

Sally Peters was convicted of felony injury to her eight-year-old daughter. I.C. § 18–1501(1). Peters received a unified sentence not to exceed ten years including a minimum two years of incarceration before parole eligibility. Peters appeals, contending: (1) the district court abused its discretion by denying Peters' motion for continuance; (2) the district court erred by admitting photographs into evidence at trial; (3) the injury to children statute is unconstitutionally vague; (4) the district court erred by not allowing Peters' appointed counsel to interview the victim prior to trial; and (5) the sentence imposed was excessive. For the reasons that follow, we

affirm the judgment of the district court including the sentence.

Sally Peters and her eight-year-old daughter shared a house in Pocatello with Peters' boyfriend, Robert Tilton. In efforts to discipline the victim for wetting her pants and defecating in her bedroom, Tilton would punish her by spanking, banishment to a corner of a room, or other means.

On October 15, 1987 in particular, the victim was beaten by Tilton with his belt while she was lying over a bedroom chair without wearing pants or underpants. Peters was in another room and came into the bedroom during the beating. A neighbor across the street heard the victim screaming, "Daddy don't spank me," then three loud "smacks." The neighbor called the local office of the Department of Health and Welfare to report the incident. The Department notified Chubbuck Police Detective Jerry Rowland who responded to the call and discovered numerous bruises on the victim's body. Rowland left and returned later with a Health and Welfare social worker. The social worker examined the victim and took her to the hospital. Peters told the social worker that the victim had been whipped by Tilton with his belt and that she, Peters, had been in the house during the beating. Peters stated that she did not intervene because she did not believe the victim was being hurt by Tilton. Dr. Hardin, the examining physician, testified that on October 15 he observed some superficial lacerations and many varied bruises on the victim's body. Some bruises were fresh, some were at least five days old. The victim's buttocks region was virtually covered with bruises. The doctor testified that the force used to produce the bruising could have broken bones or caused internal injuries.

## I. CONTINUANCE

■ Shortly before the commencement of Peters' trial, Peters moved for a continuance due to personal medical problems. She testified concerning her ailments but she did not produce any testimony or statement of a doctor to support her request at the hearing. The district court denied the motion but offered to reconsider if Peters submitted a report or testimony from her physician supporting her stated condition. The district court further determined that Peters was lucid and able to understand the proceedings and effectively assist in her defense. Peters offered no further proof of her ailments although the record shows that she was scheduled to be examined by a doctor the day following the hearing. No prejudice has been shown to have resulted from denial of the continuance. Peters nevertheless contends that denial of her motion for a continuance was an abuse of the district court's discretion. The granting of a motion for continuance is in the sound discretion of the trial court and will not be disturbed unless there is a clear abuse of that discretion. *State v. Hansen,* 108 Idaho 902, 702 P.2d 1362 (Ct. App.1985). We hold there was no abuse of discretion.

## II. PHOTOGRAPHS

At trial the state offered 8 × 10 photographs of the victim showing the injuries that were on various parts of the victim's body on October 15. The state had used 3 × 5 photos during the preliminary hearing. Peters argued that the smaller photos were adequate; that the larger photos were inflammatory and were being offered for that reason.

■ Photographs showing the appearance of a person are generally admissible at the discretion of the trial court. However, photographs are inadmissible if they are so inflammatory that their probative value is outweighed by the prejudice that may result from their admission. *State v. Carter,* 103 Idaho 917, 655 P.2d 434, *new trial granted,* 108 Idaho 788, 702 P.2d 826 (1981); I.R.E. 403. *See also State v. Beason,* 95 Idaho 267, 277–79, 506 P.2d 1340, 1350–53 (1973) (pictures of homicide victim and subsequent autopsy properly admitted into evidence).

■ The judge examined both sets of photos. He listened to testimony of the doctor who would be using the photos to

explain the nature of the injuries to the jury. The judge weighed the prejudicial impact of the larger photos against the doctor's stated need of showing greater detail of the injuries to the jury through use of the larger photos. The judge decided that the probative value outweighed any prejudice resulting from their admission. He admitted the photos and then he admonished the jury as follows:

> THE COURT: Ladies and gentlemen, I might advise you that the pictures that you're going to see here in a few minutes are photographs taken by Officer Rowland of [the victim] on the date that he testified. And I also want to advise you that in a case of this nature, ... you're going to be seeing some pictures of [the victim] that are not perhaps too pleasant to you, and I want you to be kind of aware of this. But, please in looking at the pictures and in listening to the doctor's testimony, keep in mind that you must make a decision based on all the evidence and don't allow just the pictures to inflame you to such an extent that you don't consider all the evidence in this case, okay?

We think it is clear from the record that the judge did not err in admitting the larger photos. We commend the judge for the precaution of admonishing the jury to keep this evidence in proper perspective.

■ Peters also argues that the photographs were irrelevant because she admitted that the victim had been spanked and badly bruised by Tilton. However, in this case, in proving the elements of felony injury to a child, the state was required to show that the parent wilfully permitted the child to suffer under circumstances "likely to produce great bodily harm." I.C. § 18–1501(1); *State v. Valdez–Abrejo,* 108 Idaho 79, 81, 696 P.2d 930, 932 (Ct.App. 1985). Therefore, the 8 × 10 photographs were relevant and admissible not only to show how the injuries were inflicted but also to show that Peters could not help but be aware that serious injuries were being inflicted by Tilton's attempts to discipline her daughter. We find no merit in the argument that the photos were irrelevant.

## III. CONSTITUTIONALITY OF STATUTE

■ Next, Peters argues that the felony injury to children statute, I.C. § 18–1501(1), is unconstitutionally vague. Peters contends that she was not aware of the extent of the victim's bruises until Peters saw them after the victim was hospitalized. Peters declares that I.C. § 18–1501(1) does not specify to what extent a parent should be aware of her (or his) child's physical condition. I.C. § 18–1501(1) reads as follows:

> Injury to children. (1) Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years.

The offense set forth in the statute first requires proof that the victim be a child. Here, the victim was Peters' eight-year-old daughter, clearly a child protected under the statute. Second, the accused must have permitted that child to be placed in a situation where its person or health is endangered.

■ Now, the question arises, *when,* under the law, must a parent protect her child? Generally, a person will not face criminal liability for failing to aid another. *Michael v. State,* 767 P.2d 193, 198 (Alaska Ct.App.1988). However, the common law carved out a definite exception to this rule. Where there is a parent-child relationship, the parent must come to the aid of the child. "[A] parent may be guilty of criminal homicide for failure to call a doctor for his sick child, [or] a mother for failure to prevent the beating of her baby by her lover." 1 W. LAFAVE AND A. SCOTT,

SUBSTANTIVE CRIMINAL LAW § 3.3 at 284–85 (1986) *quoted* in *Michael v. State, supra.* It is clear under the law that where a parent fails in the duty to protect his or her child and the child is injured as a result, the parent is deemed to be the cause of those injuries and may face criminal sanctions. *Michael v. State, supra.*

Peters contends that this duty to protect her child is vaguely defined by the statute, I.C. § 18–1501. In constitutional law, a penal statute may be determined "void for vagueness" if one could not reasonably understand that his or her conduct is prohibited by the statute. *United States v. National Dairy Prod. Corp.,* 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–98, 9 L.Ed.2d 561 (1963). To determine the sufficiency of the notice provided by a statute, the statute must be examined in light of the conduct with which the defendant is charged. *Id.* at 33, 83 S.Ct. at 598; *see also State v. Carringer,* 95 Idaho 929, 930, 523 P.2d 532, 533 (1974). Here, the eight-year-old victim was "spanked" on numerous occasions by Peters' boyfriend. Peters was present in the home during these episodes. During one incident, the victim was bent over a chair, bare buttocks exposed, while being "whipped" by an adult with a leather belt. Peters entered the room during this incident then claimed she did not think the victim was being hurt too badly.

We recognize that a parent may punish a child using a reasonable amount of force to safeguard and promote the child's welfare. A parent may punish a minor child for wrongdoing so long as such punishment is for this beneficial purpose. The punishment must not be excessive and the degree of harm to the child must not exceed what is commonly viewed as reasonable in light of the circumstances. 1 W. LAFAVE & A. SCOTT, SUBSTANTIVE CRIMINAL LAW § 5.6 at 644 (1986). Our statute is clear, a parent cannot wilfully permit a child to be exposed to great bodily injury without threat of criminal sanctions. According to medical testimony, the blows struck against this child could have resulted in broken bones and internal injuries. I.C. § 18–1501 gives sufficient notice to parents that such conduct may subject them to criminal prosecution if they do not protect their children from unwarranted injuries. We uphold the constitutionality of the statute.

## IV. DEFENSE COUNSEL'S PRETRIAL ACCESS TO VICTIM

Peters contends that by denying her appointed counsel pretrial access to interview the victim, Peters did not receive a fair trial. Generally, the rules of discovery do not require the court to order a witness to submit to a pretrial interview with defense counsel absent a showing of the witness' expected unavailability at trial. *State v. Filson,* 101 Idaho 381, 613 P.2d 938 (1980); I.C.R. 15(a). However, the circumstances presented by this case warrant further analysis.

Peters' counsel requested an opportunity to interview the victim in the presence of the prosecutor, a Health and Welfare representative, and the victim's court-appointed counsel. All of these parties had previously interviewed the child, except Peters' attorney. Upon learning of Peters' request for a pretrial interview with the victim, the victim's counsel moved for a protective order to prevent the interview. The victim's counsel argued that such an interview would not be in the child's best interest. In turn, Peters contends that her attorney's interview would not be any more emotionally traumatic to the victim than the previous interviews. We hold that when other parties have been able to interview witnesses before trial, the best practice is to allow all parties the same access. However, if error occurred, Peters has made no showing that any prejudice resulted from her counsel's inability to interview the victim. Peters' attorney was given access to all information and pretrial transcripts available to the prosecution. Moreover, it is undisputed that Peters' counsel had attended Peters' preliminary hearing where he was prepared to, and did, cross-examine the victim. We uphold the decision of the trial court granting the protective order.

## V. EXCESSIVE SENTENCE

■ Finally, Peters asserts that the district court abused its discretion by sentencing her to a ten-year term with a minimum of two years incarceration. The crime of felony injury to children carries a maximum possible sentence of ten years. I.C. § 18–1501(1). Having reviewed the full record as well as the sentencing criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982) and *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989), we conclude the sentencing court did not abuse its discretion.

The judgment of the district court is affirmed.

WALTERS, C.J., and BENGTSON, J., Pro Tem., concur.