624 So.2d 1325 (1992)
Ex parte State of Alabama.
(Re Donald Ray NICHOLS
v.
STATE).
1910009.
Supreme Court of Alabama.
May 22, 1992.
James H. Evans, Atty. Gen., and Gilda Branch Williams, Asst. Atty. Gen., for petitioner.
Robert T. Meadows III of Walker, Hill, Adams, Umbach, Meadows & Walton, Opelika, for respondent.
KENNEDY, Justice.
The issue is whether the defendant was denied a fair trial by what he claims effectively amounted to a denial of the right to discuss the case, prior to trial, with the State's witnesses.
On November 25, 1987, the defendant, Donald Ray Nichols, went hunting with Billy *1326 Steve Mitchell. Nichols returned from hunting on the same day, but Mitchell did not. On November 27, 1987, Mitchell's body was discovered in a field by Roger Marler. Mitchell had been shot in the back of the head. Mitchell's girlfriend and his sister identified Nichols as the last person they had seen with Mitchell. Other witnesses identified Nichols after he sold them certain items of personal property belonging to Mitchell.
John Hempfleng purchased a shotgun from Nichols on November 26, 1987. Hempfleng contacted the police after he saw an article in the newspaper listing items belonging to Mitchell that were missing. Hempfleng later identified Nichols as the man who had sold him the shotgun.
On April 4, 1988, Nichols was indicted for the offense of murder during a robbery in the first degree, made capital by § 13A-5-40(a)(2), Ala.Code 1975. Prior to trial, the district attorney's office sent to all prospective State witnesses a letter stating in pertinent part:
"Between now and the time of trial, you may be contacted by an attorney representing the defendant. He may ask you for an oral statement, written statement, or tape recorded statement. Should this occur, you may refuse to discuss the case with him if you wish. Should you decide to discuss the case, you may require that someone from the District Attorney's Office be present or that any discussion take place in the District Attorney's Office. If you decide to discuss the case, we request that you do so with a member of the District Attorney's staff present."
(C.R.1976.)
On the day of trial, Nichols filed a "motion for order requiring witnesses to discuss the case with defense counsel and for a continuance." Immediately prior to trial, the trial court held a hearing on the motion. Nichols's attorney stated that he had not had the opportunity to talk with one witness without a member of the district attorney's staff being present and that that fact effectively limited his ability to question that witness. Nichols's attorney also stated that another witness, John Hempfleng, would not talk with him under any circumstances. The trial court denied the motion, noting that Nichols's attorney had been appointed to this case over six months before and saying that to present a motion of this type on the morning of trial showed a lack of diligence.
At trial, the State called John Hempfleng as a witness. On cross-examination, he testified as follows:
"Q. [By Nichols's attorney]: Well, let me ask you this: Did you, were you willing to discuss the case with me?
"A: No, sir.
"Q: And why was that?
"A: I didn't want to discuss it without someone with us. I felt like I mayI don't know, I justI didn't want to jeopardize anything. I didn't want, you know
"Q: Had you received a letter from the district attorney's office here in Lee County before that about testifying?
"A: Before you called me?
"Q: Yes, sir.
"A: Yes, sir, I had.
"Q: Did it have anything to do about [your] talking to the defense lawyer?
"A: Yes, sir, it said that I may refuse if I wish to speak with the attorney, his attorney, if another attorney, the D.A. or such that was with me, if I preferred.
"Q: Was that the basis on which you refused to talk to me?
"A: Yes, sir."
(R.T. 1148-49.)
The jury returned a guilty verdict, and the court sentenced Nichols to life imprisonment without parole. The Court of Criminal Appeals reversed the conviction, holding that the district attorney's letter prevented Nichols's attorney from attempting to question a witness prior to trial. Specifically, the court held that Hempfleng's testimony indicated that his decision not to speak with Nichols's attorney was based solely on the letter and, therefore, that the letter interfered with Nichols's right to a fair trial.
A prosecutor may not prevent a witness from giving a statement to a defense attorney. Any defendant may attempt to *1327 question a witness prior to trial, absent any intimidating forces. However, a witness has the right to refuse to be interviewed. Hill v. State, 366 So.2d 296 (Ala.Crim.App.1978), affirmed, 366 So.2d 318 (Ala.1979).
"[A] defendant's right of access to a witness `exists co-equally with the [witness's] right to refuse to say anything.' United States v. Rice, 550 F.2d 1364, 1374 (5th Cir.), cert. denied, 434 U.S. 954, 98 S.Ct. 479, 54 L.Ed.2d 312 (1977); accord [United States v.] Scott, 518 F.2d [261] at 268 [ (6th Cir.1975) ]. The defendant's right of access is not violated when a witness chooses voluntarily not to be interviewed. See, e.g., United States v. Pinto, 755 F.2d 150, 152 (10th Cir.1985); United States v. Bittner, 728 F.2d 1038, 1041 (8th Cir.1984). While the prosecution may not interfere with a witness's free choice to speak with the defense, we agree with courts in other circuits that merely informing the witness that he may decline the interview is not improper. See, e.g., Pinto, 755 F.2d at 152, Bittner, 728 F.2d at 1041-42; United States v. White, 454 F.2d 435, 439 (7th Cir.1971), cert. denied, 406 U.S. 962, 92 S.Ct. 2070, 32 L.Ed.2d 350 (1972)."
United States v. Black, 767 F.2d 1334, 1338 (9th Cir.1985), cert. denied, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985).
In United States v. Pepe, 747 F.2d 632, 654-55 (11th Cir.1984), the Eleventh Circuit Court of Appeals held that "appellants seeking a reversal based on prosecutorially impaired access to witnesses must allege specific demonstrable prejudice in order to set forth a constitutional claim." Mere hypothetical or general prejudice will not suffice. Pepe, citing United States v. Clemones, 577 F.2d 1247 (5th Cir.1978).
First, we do not think that the letter, on its face, interfered with Nichols's right to a fair trial. In the letter, the district attorney merely requests that a member of his office be present during any interview with defense counsel. The letter correctly states that a witness has the right to refuse to be interviewed by defense counsel. Also, we think that Hempfleng's testimony reflects that he voluntarily chose not to speak with Nichols's attorney. Hempfleng's testimony indicates that he received a letter from the district attorney's office and that, based on that letter, he knew that he had the right not to discuss the case with defense counsel. Hempfleng stated that he understood that if he chose to talk with defense counsel, a member of the district attorney's office could be present if Hempfleng "preferred." Merely informing a witness that he may decline to be interviewed is not improper. United States v. Black, 767 F.2d at 1338. The defendant's right of access to a witness prior to trial co-exists with the witness's right to refuse to say anything. United States v. Rice, 550 F.2d 1364 (5th Cir.), cert. denied, 434 U.S. 954, 98 S.Ct. 479, 54 L.Ed.2d 312 (1977). A request by the district attorney to be present during an interview is merely a request and does not deny the defendant access to a witness prior to trial.
Second, Nichols failed to prove that any specific, demonstratable prejudice resulted from his lawyer's not talking with Hempfleng prior to trial. Accord, Pepe, 747 F.2d at 655. The defendant must make more than a showing of mere inaccessibility. United States v. Scott, 518 F.2d 261 (6th Cir.1975). Hempfleng was one of several witnesses that identified Nichols as the man who had sold them items owned by the victim. Nichols has failed to show that a pretrial meeting with Hempfleng would have resulted in any additional information, and he has certainly failed to show that a meeting would have given him evidence in his favor.
We conclude, therefore, that the Court of Criminal Appeals erred in reversing Nichols's conviction based on the district attorney's letter.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
"`A criminal trial, like its civil counterpart, is a quest for truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons *1328 who have the information from which the truth may be determined.'"
This quote from Nichols v. State, 581 So.2d 1245, 1248 (Ala.Cr.App.1991), quoting Gregory v. United States, 369 F.2d 185, 188 (D.C.Cir.1966), to me, expresses the most important point in the resolution of this important case.
If I felt that the letter from the prosecutor to the potential witnesses for the state in any way impeded the "quest for truth" in this trial, I would dissent. However, from the record before us, I cannot find that the letter in any way impeded the "quest for truth," unless I assume that the presence of the prosecutor at defense counsel's interview with the witness would cause the witness to lie or to withhold pertinent information. I refuse to assume that; therefore, I concur.