46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert E. BAKER, Jr. and Dawn Baker, Plaintiffs-Appellants,
v.
Russell C. MOLDENHAUER, Local Union 15 of the International
Union of Elevator Constructors, affiliated with the AFL-CIO,
Paul Rosenberg, Kenton Rosenberg, Northwestern Elevator Co.,
Inc., Richard Young, and the National Elevator Industry
Educational Program, Defendants-Appellees.
 No. 94-1462.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 20, 1994.
Decided Dec. 22, 1994.
 
 Before CUMMINGS, FERGUSON* and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Robert E. Baker filed a civil rights action pursuant to 42 U.S.C. Sec. 1981 and 29 U.S.C. Secs. 185 and 159(a) alleging that his employers, his union, and several other defendants discriminated against him on the basis of race by refusing him the opportunity to take a mechanics' examination which would have allowed him to obtain a promotion. Defendants filed a motion for summary judgment, which the district court granted. Baker appeals, arguing that material factual disputes pertaining to both his Sec. 1981 race discrimination claim and his fair representation claim preclude summary judgment. We review the grant of summary judgment de novo, Saxton v. American Tel. & Tel. Co., 10 F.3d 526, 532 (7th Cir.1993), and now affirm.
 
 
 2
 With respect to Baker's Sec. 1981 claim, both in his complaint and in his arguments opposing summary judgment, Baker contends that he has established a prima facie case of race discrimination on the basis of disparate treatment. On appeal, however, Baker abandons his disparate treatment claim, arguing instead that he has established a prima facie case on the basis of a racially hostile work environment.
 
 
 3
 Baker's mid-stream switch from a disparate treatment claim to a hostile work environment claim is fatal to his appeal. Except in rare circumstances, not warranted by the facts of this case, "an argument that is not raised below cannot be raised for the first time by an appellant in a court of appeals." Gehl Company v. Commissioner of Internal Revenue, 795 F.2d 1324, 1331 (7th Cir.1986). This court will not now consider Baker's hostile work environment claim when he failed to raise this claim before the district court.
 
 
 4
 Moreover, Baker's failure to set forth his disparate treatment claim in his appellate brief also precludes our review of this claim. As this court stated in United States v. White, 454 F.2d 435, 439 (7th Cir.1971), cert. denied, 406 U.S. 962 (1972) (citations omitted), "Rule 28 of the Federal Rules of Appellate Procedure has been interpreted to require that all issues be set out in the appellant's brief and the respondent's answer, and failure to comply may constitute a waiver."
 
 
 5
 Hence, Baker has effectively given up both his disparate treatment claim and his hostile work environment claim, leaving himself without a prima facie showing of race discrimination. In addition, because of this critical shift in strategy, Baker cannot succeed in showing that the defendants' reasons for preventing him from sitting for the mechanics' examination were pretextual. Since Baker has not provided an independent basis for finding pretext, Baker's burden of proof on his prima facie case is intertwined with his burden of showing that the defendants' reasons were pretextual. See Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1124 n. 4 (7th Cir.1994) (in the context of an age discrimination claim, this court found that the plaintiff's burden of proving his disparate treatment claim was intertwined with his burden of proof on the pretext issue). Baker's abandonment of his disparate treatment prima facie case thus leaves him with no support for his pretext argument. Accordingly, we affirm the district court's dismissal of Baker's Sec. 1981 claim.
 
 
 6
 As for Baker's fair representation claim, the district court correctly granted summary judgment, because Baker failed to make any showing of 1) a breach of any contractual agreement between the employer and the union; and 2) that the union's failure to proceed on his behalf was arbitrary, discriminatory, or in bad faith. See Hines v. Anchor Motor Freight, 424 U.S. 554, 570-71 (1976) (as part of a fair representation claim, a plaintiff must show a breach of contract between the employer and union); Vaca v. Sipes, 386 U.S. 171, 190 (1967) ("[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is "arbitrary, discriminatory, or in bad faith.").
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Warren J. Ferguson, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, is sitting by designation