71 P.3d 468

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Eduardo Arellano GUZMAN, Defendant–Appellant.**

**No. 27747.**

Court of Appeals of Idaho.

March 12, 2003.

Review Denied June 19, 2003.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Eduardo Arrellano Guzman, who was convicted of two counts of trafficking in methamphetamine or amphetamine, and two counts of failure to affix an illegal drug tax stamp, argues that he was deprived of due process because the prosecutor advised a witness that the witness was not obligated to speak with the defense attorney. We affirm.

## BACKGROUND

Guzman was charged with two counts of trafficking in methamphetamine or amphetamine, Idaho Code § 37–2732B(a)(4)(A), and two counts of failure to affix an illegal drug tax stamp, I.C. §§ 63–4205, –4207. One of the prosecution witnesses was J.V., a confidential informant who had made two drug purchases from Guzman. The prosecutor advised J.V. that he could speak with the defense attorney about the case if he wished, but that he was not obligated to do so and had a right to refuse to speak with the defense team. Prior to J.V.'s trial testimony, defense counsel attempted to interview J.V., but J.V. refused to speak with him. Guzman then moved to exclude J.V.'s testimony on the basis that his refusal of an interview was prompted by advice given to him by the prosecutor. The district court denied the motion.

The jury convicted Guzman of all four charges. For each of the trafficking convictions, the district court imposed a unified sentence of twelve years of imprisonment, with a minimum term of six years. For each of the convictions for failure to affix an illegal drug tax stamp, the district court imposed a unified sentence of two years with a minimum term of one year. The court ordered that all of the sentences be served consecutively. Thus, the aggregate unified term was twenty-eight years, with a minimum period of confinement of fourteen years. Guzman appeals, challenging the district court's denial of his motion to exclude J.V.'s testimony and contending that his sentences are excessive.

## ANALYSIS

### A. Inability to Interview Witness

Guzman argues that he was deprived of due process and denied a fair trial because the prosecutor interfered with his ability to interview J.V. Guzman contends that this amounted to an interference with his ability to prepare his defense.

This precise question, the extent to which a prosecutor may advise or instruct witnesses about conversing with the defense, has not previously been addressed by the Idaho appellate courts.[1] Elsewhere, however, the rule is well established that witnesses to a crime do not "belong" to either the prosecution or the defense and that both sides should have equal access for witness interviews. *United States v. Black,* 767 F.2d 1334, 1337 (9th Cir.1985); *United States v. White,* 454 F.2d 435, 438–39 (7th Cir.1971); *Gregory v. United States,* 369 F.2d 185, 188 (D.C.Cir.1966); *United States v. Peter Kiewit Sons' Co.,* 655 F.Supp. 73, 77 (D.Colo.1986). Therefore, in the absence of a "compelling justification," a prosecutor may not discourage witnesses from speaking with the defense. *Black,* 767 F.2d at 1337–38; *Gregory,* 369 F.2d at 188–89; *Peter Kiewit Sons' Co.,* 655 F.Supp. at 77. This right of defendants to interview witnesses without prosecutorial interference is grounded in the constitutional guarantee of due process and notions of "elemental fairness." *Gregory,* 369 F.2d at 188; *see also Cacoperdo v. Demosthenes,* 37 F.3d 504, 509 (9th Cir.1994). On the other hand, witnesses are entitled to decline to speak with defense counsel, *United States v. Pinto,* 755 F.2d 150, 152 (10th Cir.1985); *White,* 454 F.2d at 439; *United States v. Crouch,* 478 F.Supp. 867, 871 (E.D.Cal.1979), and prosecutors may inform witnesses of this right. *Black,* 767 F.2d at 1338; *White,* 454 F.2d at 439.

*Gregory* presents an example of circumstances where the bounds of permissible prosecutorial conduct were overstepped. There, the prosecutor informed all of the witnesses that they were free to speak to anyone they chose, but also advised them not to speak to anyone about the case unless the prosecutor was present. Some of the witnesses then declined to talk with defense counsel unless the prosecutor was present or authorized the interview. The court held that the prosecutor's action had suppressed the means by which the defense could obtain evidence and thereby denied the defendant a fair trial. *Gregory,* 369 F.2d at 189.

Similarly, in *Peter Kiewit Sons' Co.,* the court concluded that the prosecutor impermissibly discouraged the witnesses from communicating with defense counsel when the prosecutor told them that they either "couldn't" or "shouldn't" speak with the defense. *Peter Kiewit Sons' Co.,* 655 F.Supp. at 77–78.

In *Black,* on the other hand, it was held that the prosecutor did not act improperly by sending a letter to all prospective witnesses informing them that they could speak with the defendant's attorney if they wished, but that they had no obligation to do so. The court acknowledged that the government may not interfere with defense access to witnesses, but noted that a defendant's right of access exists co-equally with the witness's right to decline an interview. *Black,* 767 F.2d at 1338.

In *United States v. Rich,* 580 F.2d 929 (9th Cir.1978), government agents interviewed each witness, excluded the defendant's attorney from the interviews, and informed the witnesses that they were not required to discuss the case with the defendants or their attorneys. Some of the witnesses thereafter declined to speak with defense counsel, and the defendant contended that he had been deprived of his right of access to the witnesses. The court rejected this assertion. Because the witnesses were told that they did have the option to discuss the case with the defendant's attorney, the court held, the government did not improperly discourage or prohibit the witnesses from cooperating with the defense. *Id.* at 934.

In the case before us, the prosecutor merely informed J.V. that it was his choice whether to speak with Guzman's counsel. Nothing in the record indicates that the prosecutor discouraged J.V. from communicating with the defense. The advice to J.V. was essentially identical to the information that was related to the witnesses in *Black* and *Rich.* Therefore, we hold that the prosecutor's conduct did not deprive Guzman of his right of access to the witness, and the district court

---

**1.** In *State v. Peters,* 116 Idaho 851, 780 P.2d 602 (Ct.App.1989), this Court affirmed a protective order, which was requested by the child victim's attorney, to prevent a defense interview of the child. No issue of prosecutorial interference was at issue in that case, however.

did not err by denying Guzman's motion to exclude J.V.'s testimony.

## B. Sentences

Guzman also argues that his sentences, which aggregate to a unified term of twenty-eight years, with a minimum term of fourteen years, are excessive. When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). In reviewing a sentence, we treat the minimum term specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation, and retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993).

In this case, Guzman was convicted of two counts of trafficking in methamphetamine or amphetamine, each of which carries a mandatory minimum fixed term of imprisonment of three years, and a maximum term of life imprisonment. I.C. § 37–2732B(a)(4)(A), (D). The convictions for failure to affix an illegal drug tax stamp also carry maximum penalties of life imprisonment. I.C. §§ 63–4207(2), 37–2732(a)(1)(A), 37–2707(d). In light of these severe potential penalties authorized by the Idaho Legislature and in light of Guzman's criminal history, we cannot say that the sentences are excessive under any reasonable view of the facts.

## CONCLUSION

The district court did not err in denying Guzman's motion to exclude J.V.'s testimony, nor did the court abuse its discretion in sentencing. Therefore, the judgment of conviction and sentences are affirmed.

Judge PERRY and Judge GUTIERREZ concur.