# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43896

| | | |
|---|---|---|
| In the Matter of: JANE DOE and JOHN DOE, Children Under the Age of Eighteen Years. | ) ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | 2016 Unpublished Opinion No. 528 |
| Petitioner-Respondent, | ) ) ) | Filed: May 10, 2016<br><br>Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| JANE DOE 1 (2016-4), | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant, | ) ) | |
| and | ) ) | |
| BILL LYNN/CASA, | ) ) | |
| Guardian Ad Litem-Respondent, | ) ) | |
| and | ) ) | |
| SHOSHONE-BANNOCK TRIBES, | ) ) | |
| Intervenors. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Bryan K. Murray, Magistrate.

Judgment terminating parental rights, affirmed.

John C. Souza, Pocatello, for respondent-appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Seamons, Deputy Attorney General, Pocatello, for petitioner-respondent.

1

Moffatt, Thomas, Barrett, Rock & Field, Chtd., David P. Gardner, Pocatello, for guardian ad litem-respondent.

---

MELANSON, Chief Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Doe had two children--a five-year-old daughter and a one-month-old son. Doe and her children lived with Doe's boyfriend, who was not the father of either child. Daughter was visiting Doe's friend's house when she made allegations that she had been sexually abused by Doe's boyfriend. The friend discussed the allegation with Doe, who became upset and refused to believe the daughter was telling the truth. Doe's boyfriend arrived at the friend's residence. He yelled at the daughter and poked her genitals, stating, "Did I touch you here? Did I touch you here? You're a liar!" The friend informed the state of the incident after Doe, her boyfriend, and the children left the friend's house. The Department of Health and Welfare conducted an assessment regarding the alleged sexual abuse. At the time of the assessment, Doe refused to leave her residence with the children or have her boyfriend leave the residence. At a forensic interview, the daughter changed her story and alleged that it was another child who touched her genitals. However, at an adjudicatory hearing, the boyfriend admitted to touching the daughter in the genital area over her clothes, as described above. The magistrate found that a battery had occurred based upon the boyfriend's admission and placed the children in the legal custody of the Department.

The Department, Doe, and Doe's boyfriend attempted to develop a case plan to reunite with the children, but could not agree upon the terms of the plan. Accordingly, the magistrate created a plan for Doe to reunite with her children. Because Doe's boyfriend was not the father of either child, the magistrate held that it did not have jurisdiction to order Doe's boyfriend to participate in the case plan. Thus, the case plan only pertained to Doe's conduct. Among other requirements, the case plan required Doe to participate in visitation; receive permission before moving; notify the magistrate of her current address and telephone number; maintain a drug-free,

2

crime-free, safe, and stable home; be responsible for the conduct within the home; and obtain prior approval for any adult living in the home. Doe's boyfriend had a long criminal history, both as a juvenile and adult, including domestic violence and injury to a child, which had been reduced from rape.[1] Based upon the boyfriend's history and daughter's allegation, the case plan required that Doe:

> [o]btain prior approval from the Department for any adult, other than a parent, living in the home. It must be demonstrated through counseling, treatment and verification, to the satisfaction of the Department of Health and Welfare, that [the boyfriend] is of no risk to the children before [Doe] will allow any contact of any kind between the children and [the boyfriend].

While the child protection case was pending, Doe and her boyfriend married. Doe did not complete the case plan and the Department sought termination of Doe's parental rights. The magistrate held a termination hearing and found that termination of Doe's rights was warranted because Doe neglected the children and termination was in the children's best interest. Accordingly, the magistrate entered judgment terminating Doe's parental rights. Doe appeals.

## II.

### STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and

---

[1] The boyfriend's injury to a child conviction stemmed from a sexual relationship he had with Doe. At the time of that incident Doe was sixteen years old and the boyfriend was twenty-four years old.

3

convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

From Doe's appellate brief, it is not entirely clear in what manner she alleges the magistrate erred in terminating her parental rights. Doe lists a number of references to the record, which she claims dispute some of the magistrate's findings of fact and conclusions of

4

law. Accordingly, we interpret Doe's allegation to be that the magistrate erred in terminating her parental rights because its decision was not supported by substantial and competent evidence.

## A. Neglect

Doe appears to contend that the magistrate's finding that she neglected her children was not supported by substantial and competent evidence. Idaho Code Section 16-2002(3) defines "neglected" as any conduct included in I.C. § 16-1602(28), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protection case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(28)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate found, beyond a reasonable doubt:

> a.      [Doe] has failed to provide proper parental care and control, subsistence, medical and care necessary for their well-being. She not only neglects the children but refused to protect them from people who would harm them. [Doe] has neglected her children by seeing relationships with unstable and dangerous men, one of whom physically harmed her and her child and yet she chose to marry him instead of seeking the return of her children.
> b.      [Doe] has failed to comply with a child protection case plan. She has continued making choices that makes it dangerous for her children to return to her home.
> c.      The neglect [Doe] has demonstrated with her children has been an on-going issue before the child protection case came into existence.

The issue here is whether there was substantial and competent evidence that Doe neglected her children. In caring for his or her child, a parent has a duty to protect the child from others who might harm the child. *See State v. Peters*, 116 Idaho 851, 855-56, 780 P.2d 602, 605-606 (Ct. App. 1989). The record contains evidence that Doe failed to provide the children with proper parental care and control necessary for their well-being by failing to investigate her daughter's allegation of sexual abuse and by failing to protect the daughter from further abuse by the boyfriend. Even after the boyfriend admitted he committed a battery on the daughter, Doe

5

failed to admit her boyfriend's conduct was improper and continued to defend him rather than protect the daughter from further abuse.

The record also contains evidence that Doe failed to comply with the terms of the case plan. Doe regularly attended her scheduled visits with the children for several months. However, Doe moved to Oregon and discontinued her scheduled visits. Not only did Doe violate the terms of her plan by discontinuing her scheduled visits, Doe's move to Oregon, without seeking permission and without providing an address and phone number, violated the terms of her case plan. In addition, Doe admitted to testing positive for two drugs--Ritalin and THC--while the child protection case was pending. Doe's use of drugs violated the term of the case plan that required Doe to keep a safe, drug-free home. Most importantly, Doe did not comply with the term of her case plan that required her to obtain prior approval for any adult living in the home. Based upon the boyfriend's criminal history and admitted battery, the case plan required Doe to prove that any adult, including her boyfriend, living in the home would not be a threat to the children. Doe did not prove to the Department, through counseling, treatment and verification, that her boyfriend would not continue to be a threat to the children. Rather, Doe married her boyfriend and repeatedly defended him, claiming that her five-year-old daughter's allegations of sexual abuse were lies. Because Doe failed to provide proper care of her children and failed to comply with the terms of the case plan, the magistrate did not err in finding that Doe neglected her children.

## B.     Best Interests of the Children

Doe appears to contend that the magistrate's finding that termination of her rights was in the best interest of the children was not supported by substantial and competent evidence. The magistrate found, beyond a reasonable doubt:

> It is in the best interest of both children to have the rights of their parents terminated. The testimony, child protection history and actions or lack of actions of their parents support this order. The needs of the children physically, developmentally and emotionally, makes termination in their best interest. The bonding and stability the children have in their current placement [with foster parents] is key to their safety and well-being. No parent has provided that to the children nor have the parents demonstrated their ability to do so in the foreseeable future.

There is evidence in the record from multiple witnesses, that it was in the best interest of the children for Doe's rights to be terminated. Specifically, there was testimony that the daughter had poor school attendance, medical care needs, behavioral problems, and other concerns before the children were removed from Doe's care and placed in foster care. There was further evidence that, in the time they were in foster care, the children's various needs were met, the children were thriving, and the children had a stable life with the foster family. In addition to the children's improvements, the magistrate found that Doe had a history of being in relationships that involved domestic violence and sexual abuse and that Doe's boyfriend had a history of violence, including domestic violence. Also, the magistrate found that Doe had not created a stable home for the children, lived with many other adults, and had an ongoing substance abuse problem. Accordingly, there is substantial and competent evidence in the record to support the magistrate's finding that it was in the best interest of the children to terminate Doe's parental rights.

## IV.

## CONCLUSION

Doe has not shown that the magistrate's findings--that she neglected her children and that termination was in the best interest of the children--were not supported by substantial and competent evidence. Therefore, the magistrate's order terminating Doe's parental rights is affirmed. No costs or attorney fees awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.