725 P.2d 190

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ronald R. RALLS and Ronald Whitmore, Defendants-Appellants.**

**No. 16177.**

Court of Appeals of Idaho.

Aug. 29, 1986.

**486**

Neal S. Stivers, of Ada County Public Defender's Office, Boise, for defendants-appellants.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. Rene' Fitzpatrick, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Ronald Ralls and Ronald Whitmore appeal from judgments convicting them of violating I.C. § 18–2403(4), grand theft by possession of stolen property. They raise the following issues: (1) whether the district court abused its discretion by allowing the state's investigator, Shane Hartgrove, to remain in the courtroom after granting defendants' Rule 615 motion to exclude witnesses; (2) alternatively, whether the district court erred in failing to instruct the jury with respect to the investigator's rebuttal testimony; and (3) whether the jury was presented with sufficient evidence to support the verdicts of guilty. We affirm.

In September of 1984, a cabin near Donnelly, Idaho, was burglarized and its furnishings, valued at approximately $5,000, were removed. That same month an all-terrain vehicle and two motorcycles were removed from a cabin in Cascade, Idaho. On the 26th of September Ralls was arrested in the company of Mitch Harrell at Pendleton, Oregon, while transporting some of the missing property. Subsequent questioning of Ralls led to the involvement of Detective Hartgrove in the investigation and to searches of the residences of Ralls and Whitmore in Ada County.

The all-terrain vehicle, a kerosene heater, and miscellaneous other items later identified as stolen property were found at Whitmore's residence. Upon a search, Ralls' residence was found to contain furniture and a television set missing from the Donnelly cabin.

In March of 1985, Ralls and Whitmore were charged with grand theft by possession of stolen property. Consolidated jury trials were held. Following presentation of the state's case in chief, during which Hartgrove testified at length, Ralls and Whitmore moved for exclusion of witnesses pursuant to the recently effective I.R.E. 615(a). The state did not actually oppose the motion, but responded by moving for an exception to exclusion for Hartgrove, pursuant to I.R.E. 615(a)(2). In effect, the court granted the motion to exclude witnesses. Over the objection of Ralls and

Whitmore, but without further evidence of Hartgrove's status, the court also granted the state's request for an exception. Hartgrove remained in the courtroom during the defendants' testimony and he later testified briefly on rebuttal. Verdicts of guilty were returned by the jury and judgments entered. This appeal followed.

We first turn to an examination of Rule 615(a) as adopted in Idaho. Subsection (a) of the Rule provides:

> At the request of a party the court may order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

The rule is identical to Federal Rule of Evidence 615 except as to substitution of "may" for "shall" in the first phrase. The rule is consistent with former I.R.C.P. 43(b)(10) which provided for witness exclusion at the trial judge's discretion. Such rules recognize that exclusion is one means to reduce the possibility of a witness shaping his testimony to conform with or to rebut prior testimony of others. *United States v. Ell*, 718 F.2d 291 (9th Cir.1983). While our present rule makes it discretionary whether to exclude witnesses, such discretion must be exercised in conformance with Rule 615. The court cannot disregard the three exceptions spelled out in the Rule.

The exceptions provided for in Rule 615(a) acknowledge long-standing, due process-oriented exceptions to witness exclusion. The exception at issue here for "an officer or employee of a party that is not a natural person" provides parity in treatment of natural and nonnatural parties by permitting present and immediate assistance to counsel from an individual familiar with the case. 3 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE

§ 615 (1982). The selection of this individual ordinarily is a right of the party's counsel. *Id.*

■ Ralls and Whitmore contend that the exception was not applicable because the state failed to show Hartgrove's status and because its application in this instance resulted in manifest injustice to Ralls and Whitmore. Substantial authority indicates that this exception is applicable to investigative agents, including local police officers. *United States v. Auten*, 570 F.2d 1284 (5th Cir.), *cert. denied* 439 U.S. 899, 99 S.Ct. 264, 58 L.Ed.2d 247 (1978); *United States v. Jones*, 687 F.2d 1265 (8th Cir. 1982). *See* S.Rep. No. 93–1277, 93rd Cong., 2d Sess. (1974), U.S. Code Cong. & Admin. News 1974, 7051, 7073, reprinted in Historical Note, 28 U.S.C.A., Rule 615. A showing of the witness' qualifications has been required with respect to exception (3) for "essential" persons. *Government of Virgin Islands v. Edinborough*, 625 F.2d 472 (3d Cir.1980). Here, there was no need for the state to make a separate showing of Hartgrove's status as "an officer or employee of a [non-natural] party." As we noted earlier, Hartgrove had already testified and the state had rested its case in chief before defendants moved to exclude witnesses. The foundation needed for the court to rule on the state's request that Hartgrove be allowed to remain in the courtroom under the second exception to Rule 615(a) was already in the record. We conclude that no error was committed in allowing Hartgrove to remain.

Ralls and Whitmore next assert that even if Hartgrove's presence was proper, the trial court erred in not instructing the jury with respect to the ramifications of Hartgrove's opportunity to hear testimony of Ralls and Whitmore prior to taking the stand on rebuttal. It is an appellant's duty to furnish the record upon which his assertions of error are based. *State v. Kelly*, 95 Idaho 851, 521 P.2d 1150 (1974). The record is barren of any indication that Ralls and Whitmore requested a cautionary instruction. Nor did they object upon Hart-

grove's being recalled as a rebuttal witness.

■ Although a court must give pertinent instructions to correctly inform the jury with respect to the nature and elements of the crime charged and to the essential legal principles applicable to the evidence which has been admitted, if a defendant desires additional instructions on a particular point he must submit a correct statement of the law on the point he desires covered. Failure to do so will prevent assignment of error on that point. *State v. Morris,* 97 Idaho 420, 546 P.2d 375 (1976); *State v. Beason,* 95 Idaho 267, 506 P.2d 1340 (1973). Therefore, we hold that no error was committed with respect to Hartgrove's rebuttal testimony.

Finally, we examine the assertion that the evidence presented was not sufficient to support the verdict, with respect either to Ralls or to Whitmore. Under Idaho Code § 18–2403(4)

A person commits theft when he knowingly receives, retains, conceals, obtains control over, possesses, or disposes of stolen property, knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(a) Intends to deprive the owner permanently of the use or benefit of the property; or

(b) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(c) Uses, conceals, or abandons the property knowing such sue, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

This statute "requires that the defendant knew or under the circumstances would reasonably have been induced to believe that the property was stolen." *State v. Major,* 111 Idaho 410, 420, 725 P.2d 115, 125 (1986).

■ A judgment of conviction entered by a jury will not be set aside where there is substantial evidence upon which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Decker,* 108 Idaho 683, 701 P.2d 303 (Ct.App.1985). An appellate court must view the evidence, including permissible inferences that can be drawn reasonably from the evidence, in the light most favorable to the respondent. *Id.* Possession of recently stolen property is a circumstance from which a trier of fact may infer knowledge of its stolen character. *State v. Trowbridge,* 97 Idaho 93, 540 P.2d 278 (1975).

■ Ralls and Whitmore each received stolen property from Mitch Harrell, a recent acquaintance. Whitmore testified that the stolen goods found at his home were left there by Harrell in payment of a $175 debt. He testified that no transaction with Harrell had been consummated when the authorities recovered the goods. The state presented evidence that the debt was only $75, that the goods received were worth $600, and that Harrell had also offered to sell an untitled motorcycle for substantially less than its value. With respect to Ralls, the state's evidence indicated Ralls had received goods valued at $2,000 in satisfaction of a $250 debt. Hartgrove testified that Ralls had admitted suspecting the furniture and other property was stolen. Ralls asserted the debt was $600 and that his suspicion did not arise until his arrest in Oregon.

Viewing the evidence in a light favorable to the state, as we are required to do, we conclude that sufficient evidence was submitted for the jury to find each element of the charges satisfied. It is not the appellate court's role to determine the credibility of the testimony. The disparities in value and other circumstances were sufficient for the jury to reasonably find that Ralls and Whitmore each knew or should have known that the property was stolen. The judgments are affirmed.

WALTERS, C.J., and BURNETT, J., concur.