741 P.2d 374

**Fred Hernandez RAMIREZ, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 16260.**

Court of Appeals of Idaho.

July 30, 1987.

Van G. Bishop, Public Defender, Nampa, for petitioner-appellant.

Jim Jones, Atty. Gen. by Peter Erbland, Deputy Atty. Gen., Boise, for respondent.

BURNETT, Judge.

Fred Ramirez appeals from an order of the district court summarily dismissing two applications for post-conviction relief. The sole issue presented is whether the applications frame any genuine issue of material fact. For reasons explained below, we conclude that they do not and that summary dismissal was proper.

Following a jury trial in Canyon County, Ramirez was convicted of robbery. While the jury was deliberating, Ramirez escaped from a holding cell in the courthouse. The jury returned a verdict finding him guilty of robbery. He subsequently was apprehended and charged with felony escape. He pled guilty to the escape charge. The district judge imposed a fixed twenty-five year term for the robbery conviction and a fixed five year sentence for escape, running consecutively to the robbery sentence.

Ramirez did not appeal from either judgment. However, nearly five years later, he did file an application for post-conviction relief in each case. Counsel was appointed to assist Ramirez. The state answered the applications and moved for a summary disposition pursuant to I.C. § 19–4906(b). Following argument, the district court dismissed the applications.

Ramirez contends that the district court erred in disposing of his applications without an evidentiary hearing. The state responds, and the district court found, that no genuine issue of material fact was shown to exist. Our analysis begins by restating several rules fundamental to post-conviction relief. An application for such relief initiates a special proceeding in which the applicant bears the burdens of pleading and proof imposed upon a civil plaintiff. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Until allegations contained in a verified application are controverted by the state, they are deemed to be true for the purpose of determining whether an evidentiary hearing should be held. *Cooper v. State*, 96 Idaho 542, 531 P.2d 1187 (1975). However, when the allegations fail to frame a genuine issue of material fact, the court may summarily dispose of the application. *Phillips v. State*, 108 Idaho 405, 700 P.2d 27 (1985).

Here, the allegations are that Ramirez received unduly harsh sentences and that he was denied the effective assistance of counsel. Taking the sentencing issue first, we note that Ramirez appears to challenge both the length of his sentences and the fact that they are consecutive, rather than concurrent. Idaho Code § 18–2505 provides that a term of imprisonment for escape shall commence when the prisoner would otherwise be discharged from custody. Consecutive sentences for felony escape are mandatory. *State v. Mendenhall*, 106 Idaho 388, 679 P.2d 665 (Ct.App.1984). Thus, Ramirez is entitled to no relief from the consecutiveness of his sentence.

The claim of excessive sentences also must fail. Post-conviction relief obviously is not a proper avenue for challeng-

ing a judge's exercise of discretion, as opposed to his lawful authority, in sentencing. *See* I.C. § 19–4901. Excessiveness does not equate to illegality unless an Eighth Amendment ("cruel and unusual punishment") issue is raised. There is no such allegation here. A motion to reduce an allegedly excessive, albeit lawful, sentence may be made under Rule 35, I.C.R., within 120 days after the sentence is imposed. In this case, Ramirez timely filed, *pro se*, a "Petition Seeking Justice and Reconsider [sic] ... Resentencing." The trial judge treated the petition as a Rule 35 motion for reduction of sentence and he denied it. Ramirez failed to appeal. The post-conviction relief applications he filed nearly five years later do not now afford us any occasion to reexamine the Rule 35 question. *Compare Almada v. State*, 108 Idaho 221, 697 P.2d 1235 (Ct.App.1985).

We next address the assertion that Ramirez was denied the effective assistance of counsel. Ramirez makes several broad allegations in this regard. He contends that his defense attorney (a lawyer other than his counsel in this appeal) failed to prepare adequately for trial, failed to provide adequate representation at sentencing, failed to file a Rule 35 motion, and failed to advise Ramirez of his right to appeal the judgments of conviction.

The test for determining counsel's effectiveness is twofold. First, the defendant must show that counsel's performance actually was deficient. Second, the defendant must show that the deficient performance prejudiced his defense. *E.g.*, *Maxfield v. State*, 108 Idaho 493, 700 P.2d 115 (Ct.App.1985). Here, Ramirez has set forth little more than the vague, conclusory allegations listed above. He has not furnished any specific facts demonstrating deficiencies in counsel's performance and the resulting prejudice. In contravention of these broad allegations, the state furnished the district court a detailed affidavit by the defense attorney. In this affidavit the attorney explained that he had considered Ramirez's defense to be weak and that Ramirez refused to accept a plea bargain offered by the state. The attorney stated that he requested Ramirez to provide the

names of potentially favorable witnesses; however, Ramirez claimed that he had no witnesses and he refused to involve other people in his defense. The attorney's own investigation produced no witnesses favorable to Ramirez. Accordingly, he sought instead to "pick holes" in the state's case solely through cross-examination. The defense rested without producing any witnesses. The attorney further explained that he believed the length of the robbery sentence was influenced by the escape. Finally, the attorney stated that he had, in fact, discussed the possibility of an appeal with Ramirez, but that Ramirez had decided not to pursue an appeal. In addition, although it is not mentioned in the affidavit, we observe that any failure by the attorney to file a Rule 35 motion was remedied when Ramirez himself filed a document which the district court treated as such a motion.

Upon this record we are constrained to hold that no genuine issues of material fact have been established. As noted, proceedings for post-conviction relief are civil in nature. Therefore, summary disposition under I.C. § 19–4906(b) is the procedural equivalent to summary judgment under I.R.C.P. 56. In the latter context we have held that "affidavits containing general or conclusory allegations, unsupported by specific facts, are not sufficient to preclude entry of summary judgment where ... the opposing affidavits set forth specific and otherwise uncontroverted facts." *Barlows, Inc. v. Bannock Cleaning Corp.*, 103 Idaho 310, 314, 647 P.2d 766, 770 (Ct.App. 1982). This language accurately describes the present situation. *Accord, Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App. 1982). We conclude that summary dismissal was proper.

The order of the district court, dismissing each application for post-conviction relief, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.