861 P.2d 1253

**Ray L. MATA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20348.

Court of Appeals of Idaho.

Oct. 22, 1993.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Monte R. Whittier, Pocatello, for appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

Ray L. Mata appeals the order of the district court summarily dismissing his application for post-conviction relief. Mata contends that the district court erred in dismissing his application without an evidentiary hearing on the issues of ineffective assistance of counsel, breach of the plea agreement and involuntariness of his guilty plea. Because we conclude that an evidentiary hearing must be afforded with respect to one of the issues raised, we affirm in part, vacate in part and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Mata and his wife, Tonia Roach–Mata, were arrested and charged with the crime of grand theft, I.C. § 18–2403, I.C. § 18–2407(1)(b). Mata pled guilty at his arraignment pursuant to a negotiated plea agreement. In return for Mata's guilty plea, the prosecutor agreed to dismiss the charges against Mata's wife and to recommend that Mata be ordered to pay restitution and be placed on probation, rather than incarcerated. The prosecutor's agreement to that sentencing recommendation was based upon Mata's representation that he had no prior felony record, and it was expressly contingent upon subsequent confirmation of Mata's representation through a records check.

Mata was released on his own recognizance, ordered to cooperate with the presentence investigator and ordered to reappear for sentencing. Mata subsequently fled the state, but was later arrested in South Dakota and returned to Idaho. A presentence investigation revealed that Mata had a record of at least fourteen previous criminal charges in various states, some of which were felonies. At sentencing, the prosecutor recommended four to five years' incarceration. Mata was sentenced to a unified nine-year sentence, with a minimum period of confinement of three years.

At the time of sentencing, but prior to sentence being pronounced, Mata requested that he be allowed to change his plea from guilty to not guilty on grounds that he was "under a lot of pressure" at the time he entered his guilty plea. The district court treated this request as a motion to withdraw a guilty plea pursuant to I.C.R. 33(c) and denied the motion. Subsequently, Mata filed a motion under I.C.R. 35 to reduce his sentence, which was also denied.

Mata filed a verified application for post-conviction relief pursuant to I.C. § 19–4901, alleging that he received ineffective assistance of counsel during the sentencing phase and through his counsel's failure to file a direct appeal of the conviction. Mata further alleged that his guilty plea was invalid because the prosecutor breached the plea agreement by recommending confinement, and that his guilty plea was involuntary because of extreme pressures that induced him to plead guilty.

The state filed its answer to Mata's application, denying that Mata was entitled to relief. Pursuant to I.C. § 19–4906, the dis-

trict court dismissed the application without an evidentiary hearing. It is from this order that Mata has filed the current appeal.

## II. STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 662 P.2d 548 (1983). Like a civil plaintiff, the applicant must prove by a preponderance of the evidence all of the factual allegations upon which the request for relief is based. *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). A summary dismissal of an application pursuant to I.C. § 19–4906 is functionally equivalent to a summary judgment under I.R.C.P. 56. *Nellsch v. State*, 122 Idaho 426, 430, 835 P.2d 661, 665 (Ct.App.1992); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Where it appears from the pleadings and any affidavits or other evidence submitted by the parties that no genuine issue of material fact exists, and the applicant has not made a prima facie showing of entitlement to relief, the trial court may summarily dismiss the application. However, where genuine and material factual issues are raised, an evidentiary hearing must be conducted as provided in I.C. § 19–4906. *Nellsch v. State, supra.* The facts and inferences to be drawn from the evidence are construed liberally in favor of the applicant. On appeal, we review the entire record to determine whether genuine issues of material fact exist which, if resolved in the applicant's favor, would require that relief be granted. We freely review the district court's application of law. *Nellsch*, 122 Idaho at 434, 835 P.2d at 669.

## III. INADEQUATE REPRESENTATION

Both the Sixth Amendment to the United States Constitution and Art. I, § 13 of the Idaho Constitution provide criminal defendants with a right to counsel. This entitlement includes the right to representation by reasonably competent counsel in an adequate fashion. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish that counsel's representation has been ineffective, the applicant must show that the attorney's performance fell below a standard of "competence demanded of attorneys in criminal cases" and that the defendant was prejudiced as a result. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Demonstration of prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Mata claims that he lacked effective assistance of counsel in that his former attorney failed to advise him of his right to speak on his own behalf at sentencing, failed to give him a copy of his presentence investigation report and failed to file an appeal of the judgment of conviction and sentence. We will address each of these allegations in turn.

### A. *Failure to advise defendant of his right to speak on his own behalf.*

A criminal defendant has the absolute right to speak on his or her own behalf at sentencing. I.C.R. 33(a)(1); *State v. Goodrich*, 97 Idaho 472, 480, 546 P.2d 1180, 1188 (1976); *State v. Kingston*, 121 Idaho 879, 883, 828 P.2d 908, 912 (Ct.App. 1992); *State v. Goldman*, 107 Idaho 209, 211, 687 P.2d 599, 601 (Ct.App.1984). The failure of an attorney to advise a client of this right of allocution, however, does not automatically constitute ineffective assistance of counsel. Where the court complies with Rule 33(a)(1) and advises the defendant of the right to address the court prior to sentencing, any failure on the part of counsel also to so advise the defendant may be obviated, and the defendant may suffer no prejudice from counsel's omission.

The district court here advised Mata of his right to speak and specifically asked if

Mata had any comments. Mata then stated that he was not guilty of the theft and made a lengthy plea to the district court for leave to withdraw his guilty plea. Mata's verified application for post-conviction relief, which constitutes the only evidence he presented to the district court in the present proceeding, contains no explanation of how better advice of counsel regarding the right of allocution would have changed the presentation that Mata made to the district court or would have altered the sentence imposed. Consequently, Mata has not identified any prejudice arising from his counsel's alleged inadequate advice.

■ Mata asserts, however, that he is entitled to an evidentiary hearing on this issue merely because he has alleged that his counsel was inadequate. He cites *State v. Kraft,* 96 Idaho 901, 906, 539 P.2d 254, 259 (1975), where Justice Bakes stated in a concurrence that, "[t]he question of competency of counsel is an extremely complex factual determination which, in all but the most unusual cases requires an evidentiary hearing for determination." Mata's reliance upon that observation is misplaced. An applicant for post-conviction relief claiming ineffective assistance of counsel is not automatically entitled to an evidentiary hearing. Like a civil litigant resisting a motion for summary judgment, an applicant opposing summary dismissal under I.C. § 19–4906, must present evidence to support every controverted element of the claim for relief. *Griffith v. State,* 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). *See also, Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988); *Garzee v. Barkley,* 121 Idaho 771, 774, 828 P.2d 334, 337 (Ct.App.1992). If the applicant fails to present evidence establishing an essential element on which he or she bears the burden of proof, summary dismissal is appropriate. Because Mata offered no evidence on an essential element of his claim—that he was prejudiced by his attorney's failure to inform him of his right of allocution—the district court correctly dismissed

Mata's application as to this claim. The order of dismissal with respect to this claim is affirmed.

### B. *Failure of counsel to provide Mata a copy of the presentence report.*

■ Mata also contends that he was denied the effective assistance of counsel at sentencing because his attorney did not provide a copy of the presentence report to him sufficiently in advance of the hearing to allow Mata an opportunity to review it and point out any errors to the court. On this point Mata again fails to show prejudice. While a defendant is entitled to review a presentence investigation and make any corrections necessary, I.C.R. 32(g)(1), the absence of such opportunity does not entitle the defendant to post-conviction relief unless some resulting prejudice is demonstrated. In the present proceeding Mata has not identified any errors in the presentence report that he would have brought to the district court's attention if he had been accorded more time to review the report before sentencing.

Moreover, it is clear from the record that Mata did, in fact, review the report before the sentencing hearing. In response to the judge's direct question as to whether Mata had reviewed the report, Mata answered, "yes." Mata further pointed out to the district court two errors in the report.

In view of the total absence of evidence of prejudice, an essential element of this claim of ineffective assistance, summary dismissal of the claim is affirmed.

### C. *Failure of counsel to file an appeal.*

Mata next alleges that his counsel either failed or refused to file an appeal despite Mata's express request that he do so.

■ A criminal defendant's right to counsel includes the right to legal representation on appeal. *Douglas v. California,* 372 U.S. 353, 83 C.St. 814, 9 L.Ed.2d 811

(1963); *Flores v. State*, 104 Idaho 191, 194, 657 P.2d 488, 491 (Ct.App.1983). The decision whether to prosecute an appeal rests with the defendant. *Gardner v. State*, 91 Idaho 909, 912, 435 P.2d 249, 252 (1967). Where a defendant asks his attorney to appeal and the attorney refuses, the defendant is deprived of effective assistance of counsel. *Sanders v. State*, 117 Idaho 939, 940, 792 P.2d 964, 965 (Ct.App.1990); *State v. Dillard*, 110 Idaho 834, 838, 718 P.2d 1272, 1276 (Ct.App.1986); *Flores*, 104 Idaho at 194–95, 657 P.2d at 491–92. Of course, a defendant who initially requests an appeal may later decide against it in reliance upon competent advice of counsel. If a lawyer appropriately advises against an appeal, and the defendant accepts that advice, there is no violation of the right to effective assistance.

 We consider first the state's argument that Mata's claim fails because he has not supported his application with an affidavit as contemplated by I.C. § 19–4903. This argument is without merit. Mata's application for post-conviction relief was verified. In compliance with I.C. 19–4902, it contains Mata's sworn statement that the application's contents are "true and correct." A verified pleading that sets forth evidentiary facts within the personal knowledge of the verifying signator is in substance an affidavit, and is accorded the same probative force as an affidavit. *Camp v. Jiminez*, 107 Idaho 878, 693 P.2d 1080 (Ct.App.1984).

 Mata's verified application states that his former attorney declined to file an appeal despite Mata's request. That information was inherently within Mata's personal knowledge, and he was competent to so testify. In addition, the record shows that, at least at the time of sentencing, Mata expressed an intent to appeal. Construing this evidence liberally in Mata's favor as required on review of a summary dismissal, we conclude that Mata has made a prima facie showing that counsel refused

to file an appeal despite Mata's request, and that Mata suffered prejudice because he thereby lost the opportunity to appeal. This evidence is sufficient to raise a factual issue requiring an evidentiary hearing. Therefore, we vacate the dismissal of Mata's application with respect to this claim, and remand for an evidentiary hearing at which both parties may present evidence as to whether Mata asked his attorney to appeal and whether the failure to appeal resulted from the attorney's dereliction or from a decision made between counsel and Mata based upon competent legal advice. If the district court finds that ineffective assistance of counsel deprived Mata of his opportunity to appeal, the proper remedy is for the court to vacate and reenter the judgment of conviction so that Mata may perfect a timely appeal. *Flores v. State*, 104 Idaho at 195, 657 P.2d at 492; *State v. Dillard*, 110 Idaho at 837–38, 718 P.2d at 1275–76.

## IV. REQUEST TO WITHDRAW GUILTY PLEA

Mata next asserts that the district court erred in not allowing him to withdraw his guilty plea pursuant to I.C.R. 33(c) prior to sentencing. Mata argues that he was entitled to withdraw his guilty plea because the prosecutor allegedly breached the negotiated plea agreement and because the plea was allegedly induced by the pressures of Mata's family circumstances.

 In order for a guilty plea to be valid, our Federal and State Constitutions require that it be made voluntarily, knowingly and intelligently. *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976); *State v. Storm*, 123 Idaho 228, 230, 846 P.2d 230, 232 (Ct.App.1993); *Amerson v. State*, 119 Idaho 994, 995–96, 812 P.2d 301, 302–03 (Ct.App.1991). Thus, by contending that his guilty plea was not knowing and voluntary, Mata raises a constitutional challenge to his conviction, which may be asserted

through a post-conviction relief application under I.C. § 19–4901(1).[1]

▮ In determining whether a guilty plea meets constitutional standards, the court must review all of the circumstances surrounding entry of the plea. *State v. Carrasco,* 117 Idaho 295, 300, 787 P.2d 281, 286 (1990); *State v. Hawkins,* 117 Idaho 285, 288, 787 P.2d 271, 274 (1990); *Colyer,* 98 Idaho at 36, 557 P.2d at 630 (1976).

### A. Pressure Inducing Guilty Plea

Mata claims that his guilty plea was involuntary because it was prompted by "extreme pressure." This pressure, he alleges, arose from concern that his children were in foster care in Nebraska. He contends that he felt compelled to plead guilty in exchange for the release of his wife so that she would be able to retrieve the children. On seeking to withdraw the guilty plea at the sentencing hearing, Mata also asserted that he was innocent and that it was his wife who had actually committed the crime.

▮ When reviewing an allegation that a guilty plea has been coerced we look to the totality of the circumstances to determine if the plea was improperly obtained through ignorance, fear or fraud. *Lockard v. State,* 92 Idaho 813, 815, 451 P.2d 1014, 1016 (1969). If an innocent person would have felt compelled to plead guilty in like circumstances, it can properly be said that the plea was involuntary. *Id.; Davidson v. State,* 92 Idaho 104, 105, 437 P.2d 620, 621 (1968).

In *Amerson v. State,* 119 Idaho 994, 812 P.2d 301 (Ct.App.1991), we held that a guilty plea was not coerced even though the defendant was greatly concerned about the stress and anxiety that his girlfriend would endure if she were called upon to

testify at his trial. There the defendant had asserted in his post-conviction application that he felt coerced to plead guilty in order to spare her that ordeal. In rejecting this argument, we stated that such pressures were not attributable to the state and as such were not coercive.

A review of Federal criminal prosecutions renders similar results. Especially relevant and similar to the case at bar is *Politte v. United States,* 852 F.2d 924 (7th Cir.1988). In that case the Seventh Circuit held that an agreement on the part of the prosecutor to recommend a lenient sentence for Politte's wife, who had been indicted as a co-conspirator, in exchange for a guilty plea on his part was not coercive plea bargaining. The court stated:

> It is likely that William Politte's personal motives for pleading guilty were influenced by his sense of concern for his wife. The worry about his wife's fate may have increased the anxiety that he felt anticipating sentencing—however, that does not equate with duress in the constitutionally impermissible sense nor does it render his subsequent plea involuntary.

*Id.* at 930; *citing, United States v. Diaz,* 733 F.2d 371, 375 (5th Cir.1984). *See also, Bontkowski v. United States,* 850 F.2d 306 (7th Cir.1988) (agreement to refrain from prosecuting defendant's pregnant wife was not coercive); *Mosier v. Murphy,* 790 F.2d 62 (10th Cir.1986) (agreement to refrain from prosecuting defendant's mother and wife in exchange for guilty plea was not coercive). In each of these cases, the courts have recognized the inherent dangers related to such third-party plea negoti-

---

1. Mata moved to withdraw his guilty plea before the district court, and that motion was denied. However, no direct appeal was taken. Therefore, we do not here review the denial of that motion. Rather, we address only the constitutional challenge raised independently through the application for post-conviction relief. Any grounds for an appeal of the order denying Mata's motion to withdraw the guilty plea, other than the claim that the plea was in derogation of his constitutional rights, is not now before us. Inasmuch as Mata claims that he was denied an appeal because of ineffective assistance of counsel, *see* subsection III(C) above, Mata may raise other challenges to the denial of his motion to withdraw the plea if he is permitted to appeal after an evidentiary hearing on remand.

ations but have been unwilling to upset the bargained for result of the negotiations where the prosecutor's inclusion of the third party was in good faith.

> We recognize that threats to prosecute or promises of leniency to third persons to induce guilty pleas can pose a danger of coercion. Aside from requiring special care to insure that the plea was in fact entered voluntarily and was not the product of coercion, we must respect the defendant's choice and "[i]f [an accused] elects to sacrifice himself for such motives, that is his choice...."

*Mosier*, 790 F.2d at 66 (modifications in original), *quoting Kent v. United States*, 272 F.2d 795, 798 (1st Cir.1959). *See also, Politte*, 852 F.2d at 930 n. 13. Good faith has been interpreted to imply that the prosecution of the third party must be based on probable cause to believe that in fact the third party had committed the crime. *Mosier*, 790 F.2d at 66; *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir.1984) *citing, United States v. Nuckols*, 606 F.2d 566, 569 (5th Cir.1979).

■ In the instant case, Mata was advised of all his rights prior to entering his plea. Mata conceded at sentencing when he moved to withdraw his plea that the prosecution had probable cause to charge his wife. Even assuming that concern for the fate of his wife and children is what prompted Mata to plead guilty, the anxiety and pressure generated by his family situation does not constitute impermissible coercion rendering his guilty plea involuntary. Accordingly, the district court properly dismissed Mata's post-conviction relief application with respect to his claim that his guilty plea was involuntary.

## B. *Breach of Plea Agreement*

Finally, Mata asserts that the prosecutor breached the parties' plea agreement by recommending to the court that Mata be sentenced to prison rather than probation. In plea negotiations, the prosecution had agreed to recommend a withheld judgment

and probation, provided that a subsequent records check would confirm Mata's representation that he had no felony record. The state argues that it was relieved of any obligation to comply with the agreement because Mata's representation was false. In actuality, he had a lengthy history of criminal offenses in Nebraska, South Dakota and Idaho, some of which were felonies.

■ Where a defendant enters a guilty plea in reliance upon a promise by the prosecution, a breach of that promise will invalidate the plea. *Hays v. State*, 113 Idaho 736, 745, 747 P.2d 758, 767 (Ct.App. 1987); *State v. Rutherford*, 107 Idaho 910, 693 P.2d 1112 (Ct.App.1985). Because a guilty plea waives certain constitutional rights, "a defendant is constitutionally entitled to relief when the state breaches a promise made to him in return for a plea of guilty." *United States v. Ocanas*, 628 F.2d 353, 358 (5th Cir.1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981).

■ However, where the prosecution's promise of a particular sentencing recommendation was contingent upon the defendant having no criminal record, it is not a breach of the plea agreement for the prosecution to recommend a harsher sentence upon learning that the defendant has a history of criminal conduct. *State v. Litz*, 122 Idaho 387, 834 P.2d 904 (Ct.App.1992),

The record before us establishes that the sentencing recommendation of the prosecutor was contingent upon Mata's presentence investigation disclosing no history of felony offenses. Mata's representation to the prosecutor and the court that he had no prior felony convictions proved to be false. Because the condition upon which the state's promised sentencing recommendation was based failed, the state was not obligated to perform the agreement. Therefore, there was no breach of the plea agreement that would invalidate Mata's guilty plea, and the district court did not err in summarily dismissing Mata's post-

conviction relief application with respect to this claim.

## V. CONCLUSION

To summarize our ruling today, we conclude that Mata was entitled to an evidentiary hearing on his claim that he was denied effective assistance of counsel by his attorney's refusal to file an appeal. Therefore, we vacate the dismissal order with respect to that claim and remand for an evidentiary hearing. If the district court finds that the attorney's failure to appeal was contrary to Mata's instructions, whether through the attorney's neglect or deliberate refusal, the judgment of conviction must be vacated and reentered so that Mata may take an appeal. All matters resolved in this opinion shall be *res judicata* on any such appeal. The district court's order dismissing all other claims for relief is affirmed.

WALTERS, C.J., and PERRY, J., concur.