921 P.2d 765

**Robert MUNSTER, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 21671.**

Court of Appeals of Idaho.

July 19, 1996.

Richard L. Harris, Caldwell, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General (argued), Boise, for respondent.

LANSING, Judge.

This is an appeal from an order of the district court denying relief on Robert Munster's application for post-conviction relief. For the reasons stated herein, we affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Munster's application for post-conviction relief stems from his conviction and imprisonment for lewd and lascivious conduct with a child under sixteen, I.C. § 18–1508. Munster appealed in that case, challenging the denial of his motion for reduction of his sentence. The underlying facts and proce-

dural history of the criminal action are described in this Court's unpublished opinion in that appeal, *State v. Munster* (Ct.App. No. 21268, slip op. January 30, 1995):

Munster was indicted for three counts of lewd conduct with a child under sixteen years of age, I.C. § 18–1508. The charges stemmed from acts of genital to genital contact with a girl who was thirteen years of age at the time of the first charged act. Munster pleaded guilty to one count, and the remainder of the charges were dismissed. The district court sentenced Munster to a unified term of ten years with three years determinate. The court retained jurisdiction pursuant to I.C. § 19–2601, and thereafter suspended Munster's sentence and placed him on probation for a period of ten years.

Less than a year later, a report was filed charging that Munster had violated probation terms by having repeated unapproved contact with children, smoking marijuana, failing three disclosure polygraphs administered as part of his sexual abuse treatment program, and repeatedly violating rules of the electronic monitoring program by which electronic surveillance of Munster was conducted. Munster was found to have violated several of his probation conditions, but the district court reinstated probation on the same terms, with the addition of ninety days' jail time to be imposed at the discretion of Munster's probation officer.

Less than two months after reinstatement of his probation, Munster again violated probation conditions. The violation report alleged that Munster had missed four appointments for his sexual abuse treatment program and had made up for only one of the missed meetings, had been found intoxicated, had been driving without a driver's license, had been operating a vehicle with fictitious plates and without insurance, and had terminated his employment without his probation officer's advance approval. After Munster admitted to all of the alleged probation violations,

the district court revoked probation and ordered the sentence executed.

Munster subsequently initiated this action for post-conviction relief seeking to have the probation revocation order set aside and his probation reinstated. In his application, Munster alleged that his probation officer had prohibited him from having contact with his wife, who was then seventeen years old, or his child, who was approximately one year old. Munster's application asserted that this condition of his probation violated his constitutional right to associate with his wife,[1] and that his trial counsel had been ineffective in failing to object to the probation term that forbade such contact. Munster further alleged that during the criminal case the court had denied his "fundamental right" to receive treatment from Dr. Jo Johnson, a clinical hypnotherapist, in addition to treatment that he was receiving through the SANE (Sexual Abuse Now Ended) program. The State filed an answer and an affidavit from Munster's former probation officer which stated that the probation officer had never prohibited Munster from consulting Dr. Johnson but had instead told Munster that such treatment would have to be in addition to his SANE treatment and at Munster's own expense.

The district court issued an "order conditionally dismissing UPCR petition," which was in the nature of a notice of intent to summarily dismiss the application pursuant to I.C. § 19–4906(b). In response, Munster filed no affidavits or other evidence supporting his application but requested a hearing. Following a hearing, the district court dismissed Munster's petition.

## II.

## ANALYSIS

As a preliminary matter, we address the parties' dispute as to the standard of appellate review that applies in this case. The State contends that the hearing before the district court was an evidentiary hearing conducted pursuant to I.C. § 19–4907. If, as the

---

1. Munster relied upon *Loving v. Com. of Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967).

State asserts, the district court denied Munster's petition for relief after conducting an evidentiary hearing, we must apply a deferential standard of review of the trial court's findings of fact, disturbing the findings only if they are unsupported by substantial evidence, while freely reviewing the trial court's conclusions of law. *Reeves v. State,* 105 Idaho 844, 845, 673 P.2d 444, 445 (Ct.App.1983). Munster, on the other hand, argues that it was not an evidentiary hearing and that the district court summarily dismissed his application, so that reversal is required if there exists any genuine issue of material fact which, if resolved in the applicant's favor, would entitle him to relief. *See Stuart v. State,* 118 Idaho 932, 801 P.2d 1283 (1990); *Whitehawk v. State,* 116 Idaho 831, 780 P.2d 153 (Ct.App.1989).

No transcript of the hearing in question has been provided on appeal. The only record before us is the court minutes which indicate that Munster placed in evidence three letters,[2] that counsel for both parties presented argument and that Munster addressed the court, apparently without being placed under oath. We cannot ascertain from this record whether this was an evidentiary hearing as envisioned by I.C. § 19–4907, at which Munster was permitted to submit any evidence he wished, or whether it was limited to a hearing on the court's notice of intent to conditionally dismiss the application. For purposes of this appeal, we will assume that it was not an evidentiary hearing and, as urged by Munster, we will apply the more stringent standard of review that is applicable to summary dismissals.

A post-conviction relief action is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Like plaintiffs in other civil actions, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990).

There are points of procedural difference, however, between post-conviction actions and other civil actions. An application for post-conviction relief must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1); the post-conviction application must be verified with respect to facts within the personal knowledge of the applicant, and the applicant must either support the allegations by attachment of affidavits, records or other evidence or state in the application why such supporting evidence is not attached. I.C. § 19–4903. In other words, a post-conviction application is to be accompanied by evidence supporting the allegations upon which the claim for relief is based. An application may be summarily dismissed if the evidence raises no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). To forestall summary dismissal, the applicant's factual showing must be based upon evidence that would be admissible at a hearing. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Drapeau v. State,* 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct.App.1982). Mere conclusory allegations, unsupported by admissible evidence of specific facts do not raise a genuine issue. *Roman,* 125 Idaho at 647, 873 P.2d at 901; *Hays v. State,* 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App. 1987), *affirmed,* 115 Idaho 315, 766 P.2d 785 (1988); *Baruth v. Gardner,* 110 Idaho 156, 159–60, 715 P.2d 369, 372–73 (Ct.App.1986); *Barlow's, Inc. v. Bannock Cleaning Corp.,* 103 Idaho 310, 313–14, 647 P.2d 766, 769–70 (Ct.App.1982).

In Munster's post-conviction application, he alleged vaguely that "Probation and Parole" had restricted him from associating with his wife and child, which was a deprivation of a constitutional right, and that "the violations of his probation were caused by his inability to be with his wife and child." He

---

2. Those letters have not been included in the    record on appeal.

also alleged that "his effort to pursue psychological treatment in conjunction with his participation in the SANE program was a fundamental right denied him by the court." In the order conditionally dismissing Munster's application, the district court rejected these claims on the ground that Munster's contact with his wife and child was not the basis for revocation of his probation, that the court had not ordered Munster to stop treatment with Dr. Johnson, and that the question whether Munster was allowed to see Dr. Johnson was immaterial because it was not a basis for the probation revocation decision. After Munster received this order he presented no evidence to counter the court's rationale for dismissal. Munster did not offer any document, testimony or affidavit to show how or by whom he was forbidden to see his wife or child, nor did he place into evidence the notices of probation violations upon which the court acted in the criminal case nor transcripts of the hearings on his alleged probation violations. In short, the record contains nothing revealing the basis for the probation revocation order other than Munster's conclusory allegation in the application that "the violations of his probation were caused by his inability to be with his wife and child." Likewise, he offered no facts supporting his conclusory allegation that he "was denied the right to continue treatment with Dr. Jo Johnson" nor any evidence as to how this alleged deprivation of treatment affected the probation revocation order.

■■■ The record made by Munster in the trial court, and his presentation of this appeal, demonstrate a fundamental misunderstanding of the applicant's burden to present evidence supporting claims in a post-conviction relief proceeding. As we explained in *Roman v. State*:

A post-conviction proceeding is not an extension of the criminal case from which it arises. Rather, it is a separate civil action in which the applicant bears the burden of proof imposed upon a civil plaintiff. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306 1308 (1986); *Clark v. State*, *supra*. No part of the record from the criminal case becomes part of the record in

the post-conviction proceeding unless it is entered as a exhibit. Transcripts of the pretrial proceedings, the trial, and sentencing hearing in the criminal case, even if previously prepared as a result of a direct appeal or otherwise, are not before the trial court in the post-conviction proceeding and do not become part of the record on appeal unless presented as exhibits.

125 Idaho at 648, 873 P.2d at 902. Here, Munster presented no admissible evidence to support his claims. Even the description of the factual background of Munster's criminal case presented in Section I of this opinion was drawn from this Court's earlier unpublished opinion because nothing in the record in this appeal provides information about the circumstances leading to the revocation of Munster's probation. Although the district court may have, on its own initiative, reviewed portions of the record in the underlying proceedings, Munster did not include such material in the record before this Court on appeal. In the absence of an adequate record on appeal, an appellate court will not presume error. *State v. Sima*, 98 Idaho 643, 644, 570 P.2d 1333, 1334 (1977); *Hoffman v. State*, 125 Idaho 188, 191, 868 P.2d 516, 519 (Ct.App.1994); *Kugler v. Drown*, 119 Idaho 687, 809 P.2d 1166 (Ct.App.1991).

■■■ Munster's application also alleged that he received ineffective assistance of counsel in the probation revocation proceeding. To be entitled to relief for ineffective assistance of counsel, a convicted defendant must establish that his attorney's performance was deficient and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988). Munster asserts that his lawyer was ineffective because he did not object to Munster's being forbidden contact with his wife and child as a condition of his probation. Since Munster has not shown that such a condition of his probation, in fact, existed, it follows that he has not demonstrated any deficiency by his attorney in failing to object thereto.

Munster has demonstrated no error in the district court's summary dismissal of his application for post-conviction relief. Therefore the order of dismissal is affirmed. No costs or fees are awarded on appeal.

WALTERS, C.J., and SWANSTROM, J. Pro Tem., concur.