937 P.2d 427

Timothy J. LaBELLE, Petitioner–
Appellant,

v.

STATE of Idaho, Respondent.

No. 23056.

Court of Appeals of Idaho.

April 29, 1997.

John A. Church, Lewiston, for appellant.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

In this case we are asked to review the summary dismissal of an application for post-conviction relief. After reviewing the record and applicable law, we affirm.

## I.

### FACTS AND PROCEDURE

Timothy J. LaBelle was found guilty by a jury of three counts of lewd conduct with a minor under sixteen. I.C. § 18–1508. He received three concurrent unified sentences of twenty years, with minimum periods of confinement of ten years. LaBelle appealed to the Idaho Supreme Court. *State v. LaBelle*, 126 Idaho 564, 887 P.2d 1071 (1995). In that direct appeal, LaBelle raised three issues: whether he was entitled to have the victims physically examined by a medical expert, whether the district court erred in admitting prior bad acts evidence regarding other instances of molestation, and whether the sentences imposed were an abuse of the district court's discretion. The Supreme Court affirmed the judgments of conviction and sentences. *Id.*

LaBelle thereafter filed a pro se application for post-conviction relief. LaBelle claimed that his appellate counsel was ineffective in the direct appeal. The district court appointed new counsel to represent LaBelle in the post-conviction proceedings that followed. The state answered the application and later moved for summary disposition. At the conclusion of a hearing on the state's motion, the district court summarily dismissed LaBelle's application. From that dismissal order, LaBelle appeals.

## II.

### ANALYSIS

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). An application differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Summary dismissal of an application pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff

in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

█ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court will liberally construe the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

█ A claim of ineffective assistance of counsel may properly be brought under the postconviction procedure act. *Murray*, 121 Idaho at 924–25, 828 P.2d at 1329–30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064; *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell*, 118 Idaho at 67, 794 P.2d at 656. There is a strong presumption that trial counsel's performance falls within the wide range of professional assistance. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064; *Aragon*, 114 Idaho at 760, 760 P.2d at 1176. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Russell*, 118 Idaho at 67, 794 P.2d at 656. Therefore, in reviewing this case, we must determine whether LaBelle presented facts in his post-conviction relief application, which are supported by admissible evidence and, if proven true, would establish that counsel was deficient and that this deficiency prejudiced LaBelle's appeal.

█ The state argues that the trial record was not made a part of the record in this appeal, and this Court should therefore not address the merits of the application. LaBelle contends that, because the Idaho Supreme Court was provided with the trial transcripts and record in the direct appeal, we have adequate access to those documents and should consider them in reviewing the merits of his claims. It is the responsibility of the appellants to provide a sufficient record to substantiate their claims on appeal. *Chenoweth v. Sanger*, 123 Idaho 189, 191, 846 P.2d 191, 193 (1993); *State v. Chavez*, 120 Idaho 460, 462, 816 P.2d 1017, 1019 (Ct.App. 1991). As this Court has previously stated:

A post-conviction proceeding is not an extension of the criminal case from which it arises. Rather, it is a separate civil action in which the applicant bears the burden of proof imposed upon a civil plaintiff. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *Clark v. State*, [92 Idaho 827, 452 P.2d 54 (1969)]. No part of the record from the criminal case

becomes part of the record in the post-conviction proceeding unless it is entered as a[n] exhibit. Transcripts of the pretrial proceedings, the trial, and sentencing hearing in the criminal case, even if previously prepared as a result of a direct appeal or otherwise, are not before the trial court in the post-conviction proceeding and do not become part of the record on appeal unless presented as exhibits.

*Roman v. State,* 125 Idaho 644, 648, 873 P.2d 898, 902 (Ct.App.1994). Although the district court may have, on its own initiative, reviewed portions of the record from the underlying criminal action, LaBelle did not include such material in the record before this Court on appeal, and this Court will not go in search of it. *See Munster v. State,* 129 Idaho 65, 68, 921 P.2d 765, 768 (Ct.App.1996). LaBelle could have, but did not, move to augment the record in this case with the appellate record from his direct appeal. In the absence of an adequate record on appeal, an appellate court will not presume error. *Id.* Accordingly, we will review LaBelle's application and the attached affidavits and documents to determine whether a genuine issue of material fact exists. We will not, however, presume error where the record before us reveals none.

■■■■■ In the post-conviction relief proceedings below, LaBelle claimed that his counsel in the direct appeal failed to raise eleven reviewable errors. On appeal, LaBelle continues his argument regarding eight · of those alleged errors. We note that a criminal defendant's right to effective representation by counsel extends to all critical stages of the proceedings, including appeal. *Beasley v. State,* 126 Idaho 356, 359, 883 P.2d 714, 717 (Ct.App.1994). *See also Flores v. State,* 104 Idaho 191, 194, 657 P.2d 488, 491 (Ct.App.1983), *citing Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The decision whether to appeal rests with the defendant. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983); *Mata v. State,* 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct.App.1993). A complete refusal to file an appeal is ineffective assistance of counsel. *Beasley,* 126 Idaho at 360, 883 P.2d at 718; *Mata,* 124 Idaho at 593, 861 P.2d at 1258. Where coun-

sel refuses a defendant's request to appeal, prejudice is presumed. *Beasley,* 126 Idaho at 362, 883 P.2d at 720. LaBelle's appellate counsel did not refuse to pursue an appeal, and this case is therefore distinguishable from those wherein the presumption of prejudice arises.

■■■■ Appellate counsel is not required to raise every conceivable issue. *See Aragon v. State,* 114 Idaho 758, 765, 760 P.2d 1174, 1181 (1988). Rather, appellate counsel must make a conscientious examination of the case and file a brief in support of the best arguments to be made. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967); *Banuelos v. State,* 127 Idaho 860, 865, 908 P.2d 162, 167 (Ct.App.1995). Indeed, the United States Supreme Court has observed:

> Neither Anders nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.

*Jones,* 463 U.S. at 751, 103 S.Ct. at 3312. Here, appellate counsel's correspondence with LaBelle, which was attached to the post-conviction relief application, illustrates that counsel made the mandatory, conscientious examination of the record in this case. Counsel then asserted the issues upon which he determined LaBelle would most likely be successful. We will review LaBelle's alleged errors by appellate counsel to determine if counsel was ineffective in examining the record and by not urging additional issues on appeal.

■■■■ First, LaBelle claims that his appellate counsel erred in failing to challenge an alleged denial of his right to confront witnesses. LaBelle's post-conviction relief application states this issue as, "appeal counsel's failure to address the issue that the Petitioner was not permitted to interview, or to take depositions from, the complainants prior to trial." LaBelle claims that Idaho Criminal Rule 16(b)(6) and the Confrontation Clause of the United States Constitution en-

titled him to interviews with the state's witnesses, particularly the victims.

▆ Pursuant to Rule 16(b)(6), upon written request of the defendant, the prosecuting attorney must furnish to the defendant a written list of the names and addresses of all potential state witnesses. The rule also provides that, upon written request, the prosecuting attorney is to provide statements made to the prosecution by the witnesses. In the summary disposition proceedings, the district court noted that the prosecuting attorney had complied with Rule 16 and had provided LaBelle with the names and telephone numbers of the witnesses. According to the record before this Court, the prosecution complied with the discovery requirements of Rule 16. The rule does not entitle the defendant or his agent contact with the victims or other witnesses.

▆ Generally, the rules of discovery do not require the court to order a witness to submit to a pretrial interview with defense counsel absent a showing of the witness's expected unavailability at trial. *State v. Peters*, 116 Idaho 851, 855, 780 P.2d 602, 606 (Ct.App.1989). In fact, a 1994 amendment to the Idaho Constitution guarantees victims of crime the right to refuse an interview by the defendant or an agent of the defendant unless otherwise required by law. Idaho Const., art. 1, § 22. LaBelle's constitutional right to confront witnesses was satisfied in light of the fact that his counsel was able to cross-examine the witnesses during the trial. The main and essential purpose of confrontation is to secure the opportunity for cross-examination. *State v. Drapeau*, 97 Idaho 685, 689–90, 551 P.2d 972, 976–77 (1976). *See also State v. Araiza*, 124 Idaho 82, 91, 856 P.2d 872, 881 (1993). LaBelle has failed to establish that he was entitled to have his counsel interview the victims prior to trial. Hence, failure to raise this issue on the direct appeal from the judgment of conviction was not ineffective assistance of counsel.

▆ In his second argument, LaBelle asserts that a successful appeal could have been brought concerning the issue of the investigating officer's presence in the courtroom, during the testimony of other witnesses, prior to giving his own testimony. LaBelle notes that Idaho Rule of Evidence 615(a) provides for the exclusion of witnesses. The purpose of the rule is to prevent the possibility of witnesses shaping their testimony to conform with or rebut prior testimony. *State v. Ralls*, 111 Idaho 485, 487, 725 P.2d 190, 192 (Ct.App.1986). The rule provides three exceptions to the general rule of exclusion. One of those exceptions applies to an officer or employee of a party designated as its representative by its attorney. I.R.E. 615(a)(2). LaBelle concedes that the investigating officer, as the designated representative of the state, was entitled to sit at counsel table with the prosecuting attorney during the trial. LaBelle claims, however, that the officer should have been required to testify first. LaBelle claims that *Ralls* supports this interpretation. Although the officer in *Ralls* had already testified before the defense moved to exclude the witnesses, this was not dispositive in that case. In fact, the officer in *Ralls* was also called for rebuttal testimony after the presentation of the defense's case. The wording of I.R.E. 615 would be meaningless if we concluded that the investigating officer was not entitled to be in the courtroom until after his testimony was given. Once a witness has testified, that witness could stay in the courtroom without specific authorization of one of the three exceptions, in light of the purpose of the rule. Although, it may be preferable for the prosecuting attorney to call the designated representative first, the rule does not require it. We conclude that the officer was not required, under the rules of evidence, to testify first, and appellate counsel's failure to raise this issue on direct appeal was not ineffective assistance of counsel.

▆ LaBelle claims that the information was inconsistent and not specific enough and that these deficiencies would have constituted a basis for reversal on the direct appeal. LaBelle's claim in this regard stated that "the charging information was ever-changing and was never made specific as to the acts charged or to the time and date of the alleged commission of the offense." The district court determined at the post-conviction hearing that the information was adequately

specific under well-established law and that LaBelle's claims regarding the inconsistency of the information were not well founded. LaBelle has not provided this Court with a copy of any version of the information. Hence, we are not free to presume the district court erred in determining that the information was sufficiently specific. We cannot review the alleged inconsistencies because the record does not contain any indication of the number or nature of any changes to the information. Thus, we will not address LaBelle's contention further.

 LaBelle alleges that his appellate counsel erred in failing to challenge the district court's denial of his trial counsel's motion to admit learned treatises. In the post-conviction proceedings below, the district court determined that "the offer of the learned treatises at trial ... totally lacked foundation and really with the type of treatises that were being offered I have grave doubts as to whether any foundation could have ever been offered or laid with regard to that information." The record does not contain the transcript of LaBelle's trial counsel's attempt to offer the treatises or lay a proper foundation for their admission. In fact, the post-conviction record does not contain so much as the names of the treatises which LaBelle claims should have been admitted. We will not presume that the trial court erred in excluding the treatises or that the district court erred in dismissing the post-conviction application in the absence of a record indicating otherwise.

 LaBelle asserts that errors in the presentence investigation report should have been raised during the direct appeal. The state argues that this issue was not preserved in the trial court, and thus could not be addressed during the direct appeal. The record before us is devoid of information regarding the presentence investigation report, let alone what errors LaBelle claims were present therein. LaBelle expands on this claim in his appellate brief by arguing that the presentence investigator lacked a college degree, was prejudiced against him and used conjecture.[1] However, LaBelle has failed to establish a record that counsel was deficient in choosing not to raise this issue, or that LaBelle was prejudiced by that decision.

 LaBelle also raises two additional issues on appeal: whether appellate counsel erred in failing to address the prosecuting attorney's entry of "prejudicial information and unsubstantiated allegations into evidence," and whether appellate counsel erred in failing to raise the "violation of jury rules." LaBelle provides, in his appellate brief, factual details underlying these allegations of error. However, according to the record available to us on appeal,[2] LaBelle provided no factual background to these broad allegations in support of his application for post-conviction relief before the district court. Bare and conclusory allegations, unsubstantiated by any fact, are inadequate to entitle an applicant to an evidentiary hearing. *Nguyen v. State,* 126 Idaho 494, 497, 887 P.2d 39, 42 (Ct.App.1994). Accordingly, we affirm the district court's summary disposition of these claims.

 Finally, LaBelle asserts that his appellate counsel should have a raised a cumulative error claim on appeal. The doctrine of cumulative error provides that several errors, which alone may be harmless, may, in sum, show the absence of fair trial. *State v. Larsen,* 123 Idaho 456, 459, 849 P.2d 129, 132 (Ct.App.1993). LaBelle has failed to establish that several errors occurred, let alone that those errors cumulatively deprived him of a fair trial. Hence, he has failed to establish that his appellate counsel was ineffective in failing to raise this issue.

### III.

### CONCLUSION

After reviewing the record presented to us on appeal and the applicable law, we con-

---

1. Generally, an appellate court will not consider matters raised for the first time on appeal. *State v. McAway,* 127 Idaho 54, 60, 896 P.2d 962, 968 (1995).

2. The district court refers to briefing done in support and response to the state's motion for summary disposition; however, that briefing is not part of the record on appeal. We note, however, that the district court's discussion of these issues does not indicate factual explanation greater than that found in the application itself.

clude the district court did not err in summarily dismissing LaBelle's application for postconviction relief. Therefore, the district court's order dismissing LaBelle's application is affirmed.

WALTERS, C.J., and LANSING, J., concur.